

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Joyce K. McDonald*
*Assistant United States Attorney*
*Joyce.McDonald@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4899*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*

*Via Email to jmurtha@ricelawmd.com*

November 19, 2021

Joseph Murtha, Attorney
Rice, Murtha & Psoras, LLC
Suite 200
1301 York Road
Lutherville, MD 21093

    Re:    Discovery Agreement in the Case of
               *United States v. Roy C. McGrath*
               Criminal No. DLB-21-0399

Dear Counsel:

    I write to set forth the conditions on which the Government is willing to make discovery in this case. Under Rule 16 of the Federal Rules of Criminal Procedure, discovery is to be given "upon request," and I understand that you do request discovery. Therefore, I also request discovery pursuant to Rule 16(b).

    Standing Order 2020-01 (In re: Discovery in Criminal Cases) provides that the parties may reach an agreement regarding the timetable and procedures for pretrial disclosure and discovery under Rule 16 without involvement of the Court. In the event that you accept this agreement, this agreement will supersede the provisions of Standing Order 2020-01 in all respects, with the single exception noted herein. Specifically, this agreement incorporates the procedure set forth in paragraphs 2.b.i through 2.b.iv of the Standing Order for resolving disputes, should any arise, regarding copies of Rule 16 discovery that you propose providing to the Defendant.

    The Government will provide discovery pursuant to and as defined in Rule 16 on the following basis: Within a week of receiving a signed copy of this letter, Rule 16 materials in this Office's possession will be provided on a rolling basis. Copies of additional Rule 16 materials will be provided promptly upon their receipt by this Office. Access for in-person review of the tangible evidence that was recovered can be arranged at our mutual convenience upon your request.

    The Government will produce Jencks material as defined in 18 U.S.C. § 3500, along with related Giglio material such as witness' plea agreements, criminal convictions and prior inconsistent statements, no later than two weeks before trial unless it becomes necessary for reasons of witness security to move the Court for a protective order. Brady materials which are not included in the Rule 16, Jencks, and Giglio materials referred to above will be provided if and when discovered. You agree to produce materials covered by Federal Rule of Criminal Procedure 26.2 at the same time we provide Jencks materials.

The Government agrees that at the same time that it provides Rule 16 material, it will provide notice of the existence of alleged other crimes, wrongs, or acts committed by your client pursuant to Rule 404(b) of the Federal Rules of Evidence, along with copies of all physical and documentary evidence believed by the Government to fall within the ambit of Rule 404(b) that the Government intends to introduce in its case-in-chief. The Government acknowledges its continuing duty to disclose Rule 404(b) evidence as it is recognized as such after the time period in which the Government has provided Rule 16 material.

The Government reserves the right to provide later notice of Rule 404(b) material if the Government believes that disclosure of such information will pose a security risk to any witness. As to any such witness, the Government will disclose all Jencks material and all Rule 404(b) evidence at the same time.

All Rule 16 discovery is provided on the condition that counsel will not give copies of this material to the Defendant or to anyone outside counsel's office absent prior approval of this Office or an order of the Court. If you wish to provide copies of any Rule 16 discovery to the Defendant, you agree to first seek approval of this Office before involving the Court pursuant to the procedures set forth in paragraphs 2.b.i through 2.b.iv of Standing Order 20-01. Counsel may of course review discovery with the client at any time or place, and may provide copies to any expert consulted by the defense. If copies are provided to an expert, defense counsel must instruct the expert that further disclosure of the documents is prohibited absent prior approval of this Office.

The Government may be providing, as a courtesy, materials which are not discoverable under Rule 16. We provide these materials on the express condition that copies not be provided to the Defendant absent prior approval of this Office. The fact that certain non-discoverable materials are provided in no way obligates the Government to provide all non-discoverable materials, and the fact that certain non-discoverable materials are provided should never be taken as a representation as to the existence or non-existence of any other non-discoverable materials.

Please contact undersigned counsel if you believe that a further discussion regarding discovery would be helpful. Also, as we previously discussed, please provide a 2 terabyte external hard drive for copies of electronic media seized in this case.

Please note your consent to this discovery agreement by signing and returning to me a copy of this letter. We urge you to call or write us with any questions that arise, as we may be able to resolve any questions without the filing of motions and responses with the Court.

Very truly yours,

Erek L. Barron
United States Attorney

By: *[signature]*
Joyce K. McDonald
Assistant United States Attorney

AGREED:

*[signature: Joseph Murtha]*
Peter Murtha, Esq.
Counsel for Defendant