IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO.  DLB-21-0399 |
| ROY C. McGRATH, | |
| Defendant. | |

GOVERNMENT'S MOTION TO ADMIT HEARSAY STATEMENTS
AS TRUSTWORTHY UNDER THE RESIDUAL EXCEPTION OF RULE 807, FED.R.EVID

Comes now the United States of America, by and through Philip A. Selden, First Assistant United States Attorney for the District of Maryland, and Joyce K. McDonald and Aaron S.J. Zelinsky, Assistant United States Attorneys, and Sarah R. David, Special Assistant United States Attorney, and moves the Court, to admit under the residual exception to the hearsay rule certain text messages written by L.B., because the messages bear sufficient guarantees of trustworthiness from the context in which they are written.  Further, the truthfulness of the text messages is corroborated by other evidence, including photographs made by L.B. or the Defendant.

**Factual Background**

In August 2019, the Defendant and his then girlfriend, L.B., celebrated the Defendant's 50th birthday by going on a European cruise which began in Barcelona, Spain, had several intermediate stops, and concluded in Rome, Italy, where the couple stayed for a couple of days before returning to the United States.  The Superseding Indictment charges the Defendant with obtaining funds by fraud and stealing funds of MES because he failed to take annual leave for this vacation. Superseding Indictment, Count 6.  In fact, the Defendant claimed that he worked 65 hours over the 10 day vacation.  Similarly, the Defendant and L.B. on Christmas Day 2019

1

flew from Maryland to Naples, Florida for a stay at the Ritz-Carlton Hotel.  The Defendant did not take annual leave for this trip either and stated that he worked a number of hours.

The government has undertaken an analysis of Defendant's work email account, Surface device which he took on both trips, Defendant's cell phone records, credit card records, text messages, and photographs from his trip.  The government also seized L.B.'s cellular phone and has included her photographs of the couple's activities in its analysis.  All of these items are admissible in evidence.  However, L.B.'s text messages might draw a hearsay objection.  The government understands that L.B. married the Defendant after the Indictment was returned in this case and the Government believes that she will exercise her spousal privilege not to testify against him.  Therefore, she will be unavailable as a declarant.  However, she sent text messages while on both vacations describing to family members what she and the Defendant had done.  Those text messages were sent generally at the conclusion of the day.  The messages are attached as Exs. 1 and 2.

L.B.'s text messages are trustworthy—despite her unavailability—because they are corroborated by photographs she or the Defendant took over the course of their vacations.  The text messages all are date and time-stamped, and the photographs have metadata which conclusively establish when the photographs were taken.  Many of the photographs are of the Defendant or L.B. and sometimes both.  In addition, the Defendant wrote a review of the Ritz-Carlton Hotel for Trip Advisor which describes their stay in Naples, Florida.  The written account of the Defendant interlocks with the account of L.B. sent to her family providing further indicia of reliability for L.B.'s text messages.

**Analysis**

The declarant will be unavailable to the Government as a witness. Therefore, her written text messages when offered for the truth of their contents will be hearsay. However, the messages bear indicia of reliability: the texts are time stamped and on the same phone, are photographs with metadata which time stamp the photographs. Adding to the reliability is that the text messages refer to activities and places which are the subject of contemporaneous photographs. In the case of the Naples, FL vacation, corroboration is further provided by Defendant's own account of the trip by the Defendant's review of the five-star hotel which he uploads to Trip Advisor. The text messages are needed as proof by the government because the texts provide some narration and identification of the activities and places recorded in the photographs. Accordingly, the Government seeks their admission.

The Court should analyze the admissibility of the text messages under Rule 807, Fed.R. Evid. Rule 807 was adopted in 2011 and amended in 2019. *See* Advisory Committee Notes. The leading Fourth Circuit case on the residual exception to the hearsay rule was *United States v. Clarke*, 2 F.3d 81 (4th Cir. 1993). Despite the age of the *Clarke* decision, it continues to be favorably cited. *See, e.g., United States v. Lucas*, 836 Fed.Appx 142 (4th Cir. 2020). *Clarke* teaches that the court should consider the "totality of the circumstances that surround the making of the statement in determining whether the statement has a ring of reliability about it." 2F.3d at 84-85. And "this trustworthiness requirement serves as a surrogate for the declarant's in-court cross-examination." *United States v. Shaw*, 69 F.3d 1249, 1253 (4th Cir. 1995).

Rule 807 and its predecessors have most frequently been used when the statement sought to be admitted was made by someone who had died or become unavailable at the time of trial and their earlier statements – often under oath and subject to cross-examination—are being

considered for admissibility.  This case is in the unusual posture of a couple vacationing together who are also making individual records of their vacation. L.B. has no motive to lie, and her statements are remarkably candid.  Moreover, the photographs which are taken by both L.B. and the Defendant corroborate the recitation of the day's events in the text messages.  For example, L.B. both describes a painting class, and their cell phones contain photographs of the two paintings that the Defendant and L.B. made.  Under all the circumstances, the text messages are trustworthy and should be admitted.

                                                  Respectfully submitted,

                                                  Philip A. Selden
                                                  First Assistant United States Attorney

By                _____/s/_____
                    Joyce K. McDonald
                    Aaron S.J. Zelinsky
                    Assistant United States Attorneys

                    Sarah R. David
                    Special Assistant United States Attorney