IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO.  <u>DLB-21-0399</u> |
| ROY C. McGRATH, | |
| Defendant. | |

## GOVERNMENT'S MOTION TO LIMIT CROSS-EXAMINATION OF ITS WITNESS REGARDING BIG GAME HUNTING

Comes now the United States of America, by and through Philip A. Selden, First Assistant United States Attorney, and Joyce K. McDonald and Aaron S.J. Zelinsky, Assistant United States Attorneys, and Sarah R. David, Special Assistant United States Attorney, and files this Motion in Limine to limit the defendant's cross-examination of a government witness regarding his/her/their pastime of game hunting.

**Factual Background**

The government plans to call as a witness in the upcoming trial someone who will provide testimony on critical issues in the case and whose credibility must be considered by the jury. The Defendant noted in his cell phone[1] about the witness that he/she/they "frequently vacation[ed] on safaris and other hunting trips, including to South Africa where [he/she/they] participate[ed] in blood sports, killing large animals like Zebras."  Defendant also texted a friend with negative comments about the witness and his/her/their hunting-related endeavors.

The government seeks a ruling in advance of trial that Defendant is **not permitted** to cross-examine the witness with respect to his/her/their personal hobbies,

---

[11] The Defendant's cell phone was seized in the course of the execution of a state search warrant of his home; in addition, a federal search warrant of the Defendant's iCloud account was also executed.

specifically hunting because hunting as a pastime does not bear on truthfulness (or untruthfulness) and is otherwise unacceptable cross-examination.

**Legal Argument**

Rules 607, 608 and 609, Fed.R.Crim.P., govern the impeachment of witnesses. Extrinsic evidence is not admissible to prove specific instances of a witness's conduct to attack the witness's character for truthfulness, but the Court may permit allow specific instances to be inquired into **"if they are probative of the character for truthfulness or untruthfulness."** Rule 608(b), Fed.R. Evid.

While hunting is a widely practiced sport, it is also emotionally sensitive and, in fact, repugnant conduct, in the minds of some people. For example, People for the Ethical Treatment of Animals ("PETA") specifically advocates against hunting and publicizes their activities. https://www.peta.org/media/news-releases/peta-targets-ups-with-new-ad-after-lion-is-killed-by-trophy-hunter/ (accessed 9/27/2022).   Pursuing hunting as a pastime is not probative of character for truthfulness or untruthfulness and is, therefore, improper cross-examination intended only to cast the witness in a negative light in the minds of some jurors. Cross-examination of a witness regarding his/her/their hunting pastime is solely designed to cause some jurors to dislike the witness or disregard the testimony of the witness just as cross-examination of a witness about his/her/their habit of grilling steaks on Saturday nights would taint the witness in the minds of vegetarian or vegan jurors.  For some jurors, deer hunting amounts to "killing Bambi" while for other jurors, deer hunting is an acceptable, or even useful, hobby which limits the overpopulation of deer.  Regardless of the reaction of individual jurors, the hobby is irrelevant in the context of this case.  While the trial court does not have a duty to protect a witness from being discredited on cross-examination, it does have a duty to protect him/her/them from questions posed merely to harass, annoy, or humiliate him/her/them.

Rule 611(a)(3); *see* <u>Alford v. United States</u>, 282 U.S. 687, 694 (1931).

Accordingly, the government seeks a ruling in advance of trial that its witness will not be cross-examined on his/her/their hunting pastime.

Respectfully submitted,

Philip A. Selden
First Assistant United States Attorney

By     _____/s/_____
       Joyce K. McDonald
       Aaron S.J. Zelinsky
       Assistant United States Attorneys

       Sarah R. David
       Special Assistant United States Attorney