IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROY C. McGRATH,<br><br>**Defendant.** | CRIMINAL NO.  **DLB-21-0399** |

### GOVERNMENT'S MOTION TO LIMIT DEFENDANT'S INTRODUCTION INTO EVIDENCE OF ILLEGAL RECORDINGS OF TELEPHONE CONVERSATIONS WHICH THE DEFENDANT MADE

Comes now the United States of America, by and through Philip A. Selden, First Assistant United States Attorney, and Joyce K. McDonald and Aaron S.J. Zelinsky, Assistant United States Attorneys, and Sarah R. David, Special Assistant United States Attorney, and files this Motion in Limine to limit the Defendant's ability to introduce into evidence illegal recordings of telephone conversations that the Defendant made.

### Background

On October 5, 2020, the Maryland Office of the State Prosecutor charged Defendant with nine counts of violating The Maryland Wiretap Act, Cts & Jud. Proc. §10-402, for illegally recording high-level State government officials including cabinet secretaries, the Governor's former Chief of Staff, his former Chief Legislative Officer, his former Communications Director, various senior advisors and health advisors as well as the Governor himself. *State of Maryland v. Roy C. McGrath*, Criminal Number C-02-CR-21-001657, Circuit Court for Anne Arundel County. Attached as Exhibit 1.

The Maryland Wiretap Act makes it a felony to record an individual in Maryland without his/her/their consent punishable with up to five years' imprisonment and/or $10,000 fine for each offense. Cts & Jud. Proc. §10-402(e)(1).  Of the nine charged calls, Counts 1, 3, 5, 7, 9, 11, 13, 15, 17,

1

only Count 17 is pertinent to the instant case. The government intends to play that August 17, 2020, telephone call at trial because the telephone call contains the Defendant's statements about the news that the *Baltimore Sun* broke on August 15, 2020: the Defendant had received a severance payment from MES equal to a year's salary. Defendant made all the recordings while he was still at MES except for the August 17th call which he recorded while he was the Governor's Chief of Staff. The Defendant made the charged illegal recordings in the period from March 11, 2020 – May 22, 2020, (except for the August 17th call), but the recordings do not pertain to the underlying conduct charged in the Indictment.

Search and seizure warrants executed on Defendant's residence, electronic devices, and iCloud accounts revealed the Defendant's illegal recordings, and interviews of government officials who were parties to these calls confirmed that no one was aware that Defendant was recording them, and no one consented to be recorded. Some the illegal recordings involve the Defendant's work on the State of Maryland's Coronavirus Response Team. State Indictment at ¶8.

The government seeks a ruling in advance of trial that Defendant may **not** profit from his illegal conduct of recording conversations without the consent or knowledge of the other parties to those conversations and may not introduce the recordings made by the Defendant while he was still head of MES.

**Legal Argument**

The Maryland Wiretap Act, codified in Title 10, Subtitle 4 of the Maryland Code, Courts and Judicial Proceedings, governs the interception and disclosure of "wire, oral or electronic communications." Cts & Jud. Proc. §10-402(a) outlines the statute's general prohibitions, including that it is unlawful to, "[w]illfully intercept, endeavor to intercept, or procure any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." §10-402(a)(1). Oral communications include "any conversation or words spoken to or by any person in a private

conversation." Cts. & Jud. Proc. §10-401(5)(i), 13(i).

The Maryland Wiretap Act requires the exclusion of any communications unlawfully intercepted in violation of §10-402(a), stating:

> [W]henever any wire, oral, or electronic communication has been intercepted, no part of the contents of the communication and no evidence derived therefrom may be received in evidence in any trial, hearing or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of this State or a political subdivision thereof if the disclosure of that information would be in violation of this subtitle.

Cts. & Jud. Proc. §10-405(a).

In *Maddox v. State*, the Maryland Court of Special Appeals stated that the Wiretap Act was "designed with a two-fold purpose: 1) to be a useful tool in crime detection and 2) to assure that interception of private communication is limited." *Maddox*, 69 Md. App. 296, 300; 517 A.2d 370, 372 (1986). In *Holmes v. State*, the Maryland Court of Special Appeals concluded that the surreptitious use of a cell phone to record a conversation was a "presumptive violation of Maryland's wiretap law" noting that the purpose of the law "is to prohibit secret recordings of private oral communications without regard to which device may be used to accomplish that task." *Holmes*, 236 Md. App. 636, 653; 182 A.3d 341, 350 (2018).[1]

Federal law allows recording of conversations provided one party to the conversation consents to the recording. 18 U.S.C.A. § 2511(2)(d). But the recordings (outside of the 8/17/2020 recording) are still inadmissible because their content is irrelevant to the federal charges. Pursuant

---

[1] In *Agnew v. State*, 461 Md. 672, 197 A.3d 27 (2018), the Court of Appeals of Maryland specifically addressed the issue of whether the State may introduce the illegally intercepted evidence **against** the interceptor in a prosecution of the interceptor for illegal possession of firearms and drugs, and drug conspiracy charges. The Court stated that it would be "ludicrous to conclude that the purpose of the Wiretap Act extended to protect a party who records their own conversation without the consent of the other party, and then seeks to block its admission due to the intentional failure to obtain the other person's consent." 461 Md. at 685. The Court then upheld the State's introduction into evidence of the conversation illicitly recorded by the defendant.

to Rule 401, Fed.R.Evid., evidence must be both probative and "of consequence in determining the action" in order to be relevant. If evidence is not relevant, it is barred by Fed. R. Evid. 402. The recorded telephone calls are unrelated to the events charged in the Superseding Indictment, including the Defendant's 2019 vacations for which he did not take annual leave, the Defendant's use of MES funds to make contributions to Academy Arts Museum, the Defendant's $233,648 severance payment from MES, and the Defendant's use of MES funds to pay for a course at the Harvard Kennedy School which occurred after he no longer worked at MES. Because the recordings are not "of consequence in determining the action," evidence contained in the recordings made by the Defendant while head of MES are irrelevant and therefore inadmissible.

The government has not been successful in imagining a possible, relevant use at trial of the charged recordings. But if the Defendant is able to show some possible relevance, then Fed. R. Evid. 403 allows a trial judge to exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time . . . ." The government submits that admitting recordings which are illegal under Maryland law simply because the Defendant can offer them is precisely what Rule 403 is designed to prevent.

This is a trial about Defendant's actions while at MES and after joining the Governor's Office as the Governor's Chief of Staff and not about the Coronavirus Response Team. Allowing the jury to hear these conversations or confronting witnesses with snippets of those conversations will confuse the issues and mislead the jury. Because the probative value of the recorded conversations which are unrelated to the charged conduct is substantially outweighed by the need to maintain focus on the charges in the instant case, the evidence should be excluded under Fed. R. Evid. 402 or 403.

                                                Respectfully submitted,

                                                Philip A. Selden
                                                First Assistant United States Attorney

By     _____/s/_____
Joyce K. McDonald
Aaron S.J. Zelinsky
Assistant United States Attorneys

Sarah R. David
Special Assistant United States Attorney