| | |
|---|---|
| STATE OF MARYLAND | IN THE CIRCUIT COURT<br>FOR ANNE ARUNDEL COUNTY |
| vs. | |
| ROY C. MCGRATH | Case No.: C-02-CR-21- 1657 |
| ▮<br>Naples, Florida 34119 | |

## CRIMINAL INFORMATION

THE STATE PROSECUTOR for the State of Maryland, informs and charges, ROY C. MCGRATH with having committed the following offenses in Anne Arundel County.

## I.    INTRODUCTION AND BACKGROUND

At all times relevant to this Information:

1.    The Maryland Environmental Service ("MES"), located at 259 Najoles Road, Millersville, Anne Arundel County, Maryland 21108, was established by the Maryland General Assembly in 1970 to assist with the preservation, improvement, and management of the quality of air, land, water, and natural resources, and to promote the health and welfare of the citizens of the State. As of 2020, MES employed over 800 individuals and operated more than 1,000 environmental projects across Maryland and the Mid-Atlantic region.

2.    There are four officers of MES: a Director, a Deputy Director, a Secretary, and a Treasurer. The Director is appointed by the Governor, with the advice and consent of the Senate and serves at the pleasure of the Board of Directors ("Board") with the concurrence of the Governor. The Deputy Director, the Secretary and the Treasurer are appointed by the Director with the approval of the Governor and serve at the pleasure of the Director.



FILED
CRIMINAL DEPARTMENT

2021 OCT -5  A 8: 41

EXHIBIT 1



**21-0017(39)-I 1 000001**

3.      The Board consists of nine members, including: the four officers of MES, three members from the public sector, and two members from the private sector. There is a three member sub-committee of the Board, known as the Human Resources ("HR") Committee, which provides guidance to the entirety of the Board on matters such as employee compensation and benefits.

4.      Maryland Code, Natural Resources § 3-103 (c)(1) states that the Director is both the administrative head of MES and the presiding officer of the Board. The Director is responsible to the Board and shall advise the Board on all matters assigned to MES. The Director shall carry out the Board's policies related to MES.

5.      Roy C. McGrath ("MCGRATH") received a Commission to serve as the Director of MES from the Governor's Office on December 21, 2016, and served through May 30, 2020. On January 19, 2017, MCGRATH took an Oath of Office, administered by the Clerk of the Court for Charles County, Maryland.

6.      Lawrence Joseph Hogan Jr. ("Governor Hogan") is the 62nd Governor of Maryland. Governor Hogan was first elected in 2014 and was reelected in 2018 to a four-year term expiring in 2022. Governor Hogan has an Executive Council, known as the Governor's Cabinet ("Cabinet"), which meets weekly to coordinate, direct and supervise executive functions of State government. In his capacity as Director of MES, MCGRATH was a de facto member of the Cabinet and routinely attended its meetings.

## II. RECORDED CONVERSATIONS

7.      The State incorporates paragraphs 1 - 6 of this Information as though fully set forth herein.

8.      In March 2020, MCGRATH became a member of the State of Maryland's Coronavirus Response Team ("Coronavirus Response Team"). In his capacity as a member of the Coronavirus

EXHIBIT 1

Response Team, MCGRATH was involved in frequent calls and meetings, including virtual teleconferences which occurred on the Google Meet platform.

9.      MCGRATH participated in many of these meetings from his residence, the MES headquarters building, or the Maryland State House, all located in Anne Arundel County, Maryland.

10.     On June 1, 2020, MCGRATH joined Governor Hogan's administration as the Governor's Chief of Staff, a position which MCGRATH held until his resignation on August 17, 2020. After becoming Chief of Staff to Governor Hogan, MCGRATH was involved in frequent calls and meetings, to include the virtual teleconferences occurring on the Google Meet platform.

11.     In August 2020, as Chief of Staff to Governor Hogan, MCGRATH engaged in conversations with political strategists and senior advisors to Governor Hogan about how to handle challenges presented by public allegations raised against MCGRATH.

## COUNT 1 - UNLAWFUL INTERCEPT

12.     On or about March 11, 2020, at Anne Arundel County, Maryland, ROY C. MCGRATH did willfully intercept an oral communication, using an Apple iPhone, without the knowledge or consent of the intercepted parties, to wit: MCGRATH recorded a conversation involving the Deputy Director of the Maryland Environmental Service ("MES"), the Director of Strategic Communications for MES, and other individuals, without obtaining consent to record the conversation from the Deputy Director or the Director of Strategic Communications, and did not notify them that they were being recorded, in violation of §10-402(a)(1) of the Courts and Judicial Proceedings Article and against the peace, government and dignity of the State.

*CJIS Code 1-5595*
*Courts and Judicial Proceedings Article §10-402(a)(1)*
*Penalty 5 years and/or $10,000*

EXHIBIT 1

**21-0017(39)-I 1 000003**

## COUNT 2 - MISCONDUCT IN OFFICE

13.     On or about March 11, 2020, at Anne Arundel County, Maryland, ROY C. MCGRATH, in violation and perversion of his duties as the Chair of the Board and Director of Maryland Environmental Service ("MES"), did corruptly commit misconduct in office by knowingly, willfully, and intentionally, while exercising his duties of office, recording a conversation involving the Deputy Director of MES, the Director of Strategic Communications for MES, and other individuals without informing the Deputy Director or the Director of Strategic Communications that they were being recorded, against the peace, government and dignity of the State.

*Common Law*
*CJIS Code 2-0645 Misconduct in Office*
*Penalty: Anything not cruel and unusual*

## COUNT 3 - UNLAWFUL INTERCEPT

14.     On or about March 12, 2020, at Anne Arundel County, Maryland, ROY C. MCGRATH did willfully intercept an oral communication, using an Apple iPhone, without the knowledge or consent of the intercepted parties, to wit: MCGRATH recorded a conversation involving Governor Hogan, the Governor's Chief of Staff, the Secretary of Health for the Maryland Department of Health, and other individuals, without obtaining consent to record the conversation from Governor Hogan, the Governor's Chief of Staff, or the Secretary of Health, and did not notify them that they were being recorded, in violation of §10-402(a)(1) of the Courts and Judicial Proceedings Article and against the peace, government and dignity of the State.

*CJIS Code 1-5595*
*Courts and Judicial Proceedings Article §10-402(a)(1)*
*Penalty 5 years and/or $10,000*

EXHIBIT 1

**21-0017(39)-I 1 000004**

## COUNT 4 - MISCONDUCT IN OFFICE

15.     On or about March 12, 2020, at Anne Arundel County, Maryland, ROY C. MCGRATH, in violation and perversion of his duties as the Chair of the Board and Director of Maryland Environmental Service, did corruptly commit misconduct in office by knowingly, willfully, and intentionally, while exercising his duties of office, recording a conversation involving Governor Hogan, the Governor's Chief of Staff, the Secretary of Health for the Maryland Department of Health, and other individuals, without notifying Governor Hogan, the Governor's Chief of Staff, or the Secretary of Health that they were being recorded, against the peace, government and dignity of the State.

*Common Law*
*CJIS Code 2-0645 Misconduct in Office*
*Penalty: Anything not cruel and unusual*


## COUNT 5 - UNLAWFUL INTERCEPT

16.     On or about March 13, 2020, at Anne Arundel County, Maryland, ROY C. MCGRATH did willfully intercept an oral communication, using an Apple iPhone, without the knowledge or consent of the intercepted parties, to wit: MCGRATH recorded a conversation involving Governor Hogan, the Chief Legislative Officer for the Office of the Governor, and other individuals, without obtaining consent to record the conversation from Governor Hogan or the Chief Legislative Officer, and did not notify them that they were being recorded, in violation of §10-402(a)(1) of the Courts and Judicial Proceedings Article and against the peace, government and dignity of the State.

*CJIS Code 1-5595*
*Courts and Judicial Proceedings Article §10-402(a)(1)*
*Penalty 5 years and/or $10,000*

EXHIBIT 1

**21-0017(39)-I 1 000005**

## COUNT 6- MISCONDUCT IN OFFICE

17.     On or about March 13, 2020, at Anne Arundel County, Maryland, ROY C. MCGRATH, in violation and perversion of his duties as the Chair of the Board and Director of Maryland Environmental Service, did corruptly commit misconduct in office by knowingly, willfully, and intentionally, while exercising his duties of office, recording a conversation involving Governor Hogan, the Chief Legislative Officer for the Office of the Governor, and other individuals, without notifying Governor Hogan or the Chief Legislative Officer that they were being recorded, against the peace, government and dignity of the State.

*Common Law*
*CJIS Code 2-0645 Misconduct in Office*
*Penalty: Anything not cruel and unusual*

## COUNT 7 - UNLAWFUL INTERCEPT

18.     On or about April 5, 2020, at Anne Arundel County, Maryland, ROY C. MCGRATH did willfully intercept an oral communication, using an Apple iPhone, without the knowledge or consent of the intercepted party, to wit: MCGRATH recorded a conversation involving Governor Hogan, the Secretary of the Maryland Department of General Services, the Secretary of the Maryland Department of Transportation and other individuals without obtaining consent to record the conversation from Governor Hogan, the Secretary of the Maryland Department of General Services or the Secretary of the Maryland Department of Transportation and did not notify them that they were being recorded, in violation of §10-402(a)(1) of the Courts and Judicial Proceedings Article and against the peace, government and dignity of the State.

*CJIS Code 1-5595*
*Courts and Judicial Proceedings Article §10-402(a)(1)*
*Penalty 5 years and/or $10,000*

EXHIBIT 1

21-0017(39)-I 1 000006

## COUNT 8 - MISCONDUCT IN OFFICE

19.     On or about April 5, 2020, at Anne Arundel County, Maryland, ROY C. MCGRATH, in

violation and perversion of his duties as the Chair of the Board and Director of Maryland

Environmental Service, did corruptly commit misconduct in office by knowingly, willfully, and

intentionally, while exercising his duties of office, recording a conversation involving Governor

Hogan, the Secretary of the Maryland Department of General Services, the Secretary of the

Maryland Department of Transportation, and other individuals, without notifying Governor

Hogan, the Secretary of the Maryland Department of General Services, or the Secretary of the

Maryland Department of Transportation, that they were being recorded, against the peace,

government and dignity of the State.

*Common Law*
*CJIS Code 2-0645 Misconduct in Office*
*Penalty: Anything not cruel and unusual*

## COUNT 9 - UNLAWFUL INTERCEPT

20.     On or about May 15, 2020, at Anne Arundel County, Maryland, ROY C. MCGRATH did

willfully intercept an oral communication, using an Apple iPhone, without the knowledge or

consent of the intercepted parties, to wit: MCGRATH recorded a conversation involving Governor

Hogan, the Governor's Chief of Staff, a Senior Advisor to Governor Hogan, the Deputy Secretary

for Public Health at the Maryland Department of Health,  the Deputy Secretary for Operations at

the Maryland Department of Health and other individuals, without obtaining consent to record the

conversation from Governor Hogan, the Governor's Chief of Staff, a Senior Advisor to Governor

Hogan, or either of the Deputy Secretaries at the Maryland Department of Health and did not notify

EXHIBIT 1

21-0017(39)-I 1 000007

them that they were being recorded, in violation of §10-402(a)(1) of the Courts and Judicial Proceedings Article and against the peace, government and dignity of the State.

*CJIS Code 1-5595*
*Courts and Judicial Proceedings Article §10-402(a)(1)*
*Penalty 5 years and/or $10,000*

## COUNT 10 - MISCONDUCT IN OFFICE

21.     On or about May 15, 2020, at Anne Arundel County, Maryland, ROY C. MCGRATH, in violation and perversion of his duties as the Chair of the Board and Director of Maryland Environmental Service, did corruptly commit misconduct in office by knowingly, willfully, and intentionally, while exercising his duties of office, recording a conversation involving Governor Hogan, the Governor's Chief of Staff, a Senior Advisor to Governor Hogan, the Deputy Secretary for Public Health at the Maryland Department of Health, and the Deputy Secretary for Operations at the Maryland Department of Health, and other individuals, without notifying Governor Hogan, the Governor's Chief of Staff, a Senior Advisor to Governor Hogan, or either of the Deputy Secretaries at the Maryland Department of Health that they were being recorded, against the peace, government and dignity of the State.

*Common Law*
*CJIS Code 2-0645 Misconduct in Office*
*Penalty: Anything not cruel and unusual*

## COUNT 11 - UNLAWFUL INTERCEPT

22.     On or about May 17, 2020, at Anne Arundel County, Maryland, ROY C. MCGRATH did willfully intercept an oral communication, using an Apple iPhone, without the knowledge or consent of the intercepted parties, to wit: MCGRATH recorded a conversation involving the Communications Director of the Governor's Office of Community Initiatives, the Director of

EXHIBIT 1

**21-0017(39)-I 1 000008**

Procurement for the Maryland Department of General Services, the Secretary of the Maryland Department of General Services, and other individuals without obtaining consent to record the conversation from the Communications Director of the Governor's Office of Community Initiatives, the Director of Procurement for the Maryland Department of General Services, or the Secretary of the Maryland Department of General Services and did not notify them that they were being recorded, in violation of §10-402(a)(1) of the Courts and Judicial Proceedings Article and against the peace, government and dignity of the State.

*CJIS Code 1-5595*
*Courts and Judicial Proceedings Article §10-402(a)(1)*
*Penalty 5 years and/or $10,000*

## COUNT 12 - MISCONDUCT IN OFFICE

23.     On or about May 17, 2020, at Anne Arundel County, Maryland, ROY C. MCGRATH, in violation and perversion of his duties as the Chair of the Board and Director of Maryland Environmental Service, did corruptly commit misconduct in office by knowingly, willfully, and intentionally, while exercising his duties of office, recording a conversation involving the Communications Director of the Governor's Office of Community Initiatives, the Director of Procurement for the Maryland Department of General Services, the Secretary of the Maryland Department of General Services, other individuals, and himself, without notifying the Communications Director of the Governor's Office of Community Initiatives, the Director of Procurement for the Maryland Department of General Services, or the Secretary of the Maryland Department of General Services that they were being recorded, against the peace, government and dignity of the State.

*Common Law*
*CJIS Code 2-0645 Misconduct in Office*
*Penalty: Anything not cruel and unusual*

EXHIBIT 1

**21-0017(39)-I 1 000009**

## COUNT 13 - UNLAWFUL INTERCEPT

24.     On or about May 22, 2020, at Anne Arundel County, Maryland, ROY C. MCGRATH did willfully intercept an oral communication, using an Apple iPhone, without the knowledge or consent of the intercepted party, to wit: MCGRATH recorded a conversation involving the Governor's Chief of Staff, without obtaining consent to record the conversation from the Governor's Chief of Staff and did not notify him that he was being recorded, in violation of §10-402(a)(1) of the Courts and Judicial Proceedings Article and against the peace, government and dignity of the State.

*CJIS Code 1-5595*
*Courts and Judicial Proceedings Article §10-402(a)(1)*
*Penalty 5 years and/or $10,000*

## COUNT 14 - MISCONDUCT IN OFFICE

25.     On or about May 22, 2020, at Anne Arundel County, Maryland, ROY C. MCGRATH, in violation and perversion of his duties as the Chair of the Board and Director of Maryland Environmental Service, did corruptly commit misconduct in office by knowingly, willfully, and intentionally, while exercising his duties of office, recording a conversation involving the Governor's Chief of Staff, without notifying the Governor's Chief of Staff that he was being recorded, against the peace, government and dignity of the State.

*Common Law*
*CJIS Code 2-0645 Misconduct in Office*
*Penalty: Anything not cruel and unusual*

## COUNT 15 - UNLAWFUL INTERCEPT

26.     On or about May 26, 2020, at Anne Arundel County, Maryland, ROY C. MCGRATH did willfully intercept an oral communication, using an Apple iPhone, without the knowledge or

EXHIBIT 1

**21-0017(39)-I 1 000010**

consent of the intercepted parties, to wit: MCGRATH recorded a conversation involving the

Governor's Chief of Staff, the Secretary of the Maryland Department of Budget & Management,

and other individuals, without obtaining consent to record the conversation from the Governor's

Chief of Staff or the Secretary of the Maryland Department of Budget & Management and did not

notify them that they were being recorded, in violation of §10-402(a)(1) of the Courts and Judicial

Proceedings Article and against the peace, government and dignity of the State.

*CJIS Code 1-5595*
*Courts and Judicial Proceedings Article §10-402(a)(1)*
*Penalty 5 years and/or $10,000*

## COUNT 16 - MISCONDUCT IN OFFICE

27.    On or about May 26, 2020, at Anne Arundel County, Maryland, ROY C. MCGRATH, in

violation and perversion of his duties as the Chair of the Board and Director of Maryland

Environmental Service, did corruptly commit misconduct in office by knowingly, willfully, and

intentionally, while exercising his duties of office, recording a conversation involving the

Governor's Chief of Staff, the Secretary of the Maryland Department of Budget & Management,

other individuals, without notifying the Governor's Chief of Staff or the Secretary of the Maryland

Department of Budget & Management that they were being recorded, against the peace,

government and dignity of the State.

*Common Law*
*CJIS Code 2-0645 Misconduct in Office*
*Penalty: Anything not cruel and unusual*

## COUNT 17 - UNLAWFUL INTERCEPT

28.    On or about August 17, 2020 at Anne Arundel County, Maryland, ROY C. MCGRATH

did willfully intercept an oral communication, using an Apple iPhone, without the knowledge or

EXHIBIT 1

**21-0017(39)-I 1 000011**

consent of the intercepted parties, to wit: MCGRATH recorded a conversation involving the Chief Legislative Officer for the Office of the Governor, the Governor's Chief Counsel, a Senior Advisor to Governor Hogan, and two political consultants without obtaining consent to record the conversation from the Chief Legislative Officer, the Governor's Chief Counsel, a Senior Advisor to Governor Hogan, or either of the two political consultants and did not notify them that they were being recorded, in violation of §10-402(a)(1) of the Courts and Judicial Proceedings Article and against the peace, government and dignity of the State.

*CJIS Code 1-5595*
*Courts and Judicial Proceedings Article §10-402(a)(1)*
*Penalty 5 years and/or $10,000*

## COUNT 18- MISCONDUCT IN OFFICE

29.     On or about August 17, 2020, at Anne Arundel County, Maryland, ROY C. MCGRATH, in violation and perversion of his duties as the Chief of Staff to Governor Larry Hogan, did corruptly commit misconduct in office by knowingly, willfully, and intentionally, while exercising his duties of office, recording a conversation involving the Chief Legislative Officer for the Office of the Governor, the Governor's Chief Counsel, a Senior Advisor to Governor Hogan, and two political consultants without notifying the Chief Legislative Officer, the Governor's Chief Counsel, a Senior Advisor to Governor Hogan, or either of the two political consultants that they were being recorded against the peace, government and dignity of the State.

*Common Law*
*CJIS Code 2-0645 Misconduct in Office*
*Penalty: Anything not cruel and unusual*

EXHIBIT 1

**21-0017(39)-I 1 000012**

### III. USE OF LEAVE AT MES

30.     The State incorporates paragraphs 1- 6 and paragraphs 7-11 of this Information as though fully set forth herein.

31.     Between August 2, 2019 through August 13, 2019, MCGRATH and his partner celebrated personal milestones with a trip to Europe. In text message and email communications, MCGRATH referred to the trip as a "vacation".

32.     On August 3, 2019, MCGRATH and his partner departed on a boat cruise from Barcelona, Spain and traveled to Valencia, Spain; Ibiza, Spain; Provence, France; Nice, France; and Florence, Italy. The cruise arrived in Rome, Italy on August 10, 2019. Upon arrival in Italy, McGrath and his partner spent the next two days sightseeing, before they traveled back to the United States on August 13, 2019.

33.     Upon his return to MES, despite doing a minimal amount of MES- related work while on vacation, MCGRATH submitted a falsified timesheet which reflected that he worked fifty-eight (58) hours more than he actually worked while on his European trip.

34.     In December 2019, MCGRATH and his partner celebrated the end-of-the-year holidays with a vacation in Florida. On December 26, 2020, MCGRATH put an "out of office" message on his email at work which reflected that he would be out of the office, with a return to work date of December 31, 2020.

35.     Upon his return to MES, despite doing a minimal amount of MES- related work while on vacation, MCGRATH submitted a falsified timesheet which reflected that he worked fifteen (15) hours more than he actually worked while on his Florida trip.

EXHIBIT 1

21-0017(39)-I 1 000013

## COUNT 19 - MISCONDUCT IN OFFICE

36.    On or about August 2, 2019 through and including August 14, 2019, at Anne Arundel

County, Maryland, ROY C. MCGRATH, in violation and perversion of his duties as the Chair of

the Board and Director of Maryland Environmental Service, did corruptly commit misconduct in

office by knowingly, willfully, and intentionally, while exercising his duties of office, travelled

for personal pleasure and submitted a falsified timesheet, which inaccurately reported his hours of

work while on a European vacation, allowing him to retain higher leave balances, in violation of

the common law and against the peace, government and dignity of the State.

*Common Law*
*CJIS Code 2-0645 Misconduct in Office*
*Penalty: Anything not cruel and unusual*

## COUNT 20 - THEFT SCHEME $1,500-$25,000

37.    ROY C. MCGRATH, did, between the dates of on or about August 2, 2019 through and

including August 14, 2019, pursuant to one scheme and continuing course of conduct, steal 58

hours of work from the Maryland Environmental Service, having the value of $6,515.14, at least

$1,500 but less than $25,000, in the violation of CR §7-104 of the Annotated Code of Maryland.

*CJIS Code 1-1136*
*CR §7-104*
*Penalty: $10,000 and/or 5 years*

## COUNT 21 - MISCONDUCT IN OFFICE

38.    On or about December 26, 2019 through and including December 30, 2019, at Anne

Arundel County, Maryland, ROY C. MCGRATH, in violation and perversion of his duties as the

Chair of the Board and Director of Maryland Environmental Service, did corruptly commit

misconduct in office by knowingly, willfully, and intentionally, while exercising his duties of

office, travelled for personal pleasure and submitted an falsified timesheet, which inaccurately

EXHIBIT 1

**21-0017(39)-I 1 000014**

reported his hours of work while on a Florida vacation, allowing him to retain higher leave balances in violation of the common law and against the peace, government and dignity of the State.

*Common Law*
*CJIS Code 2-0645 Misconduct in Office*
*Penalty: Anything not cruel and unusual*

## COUNT 22 - THEFT SCHEME $1,500-$25,000

39.     ROY C. MCGRATH, did, between the dates of on or about December 26, 2019 through and including December 30, 2019, pursuant to one scheme and continuing course of conduct, steal 15 hours of work from the Maryland Environmental Service, having the value of $1,684.95, at least $1,500 but less than $25,000, in the violation of CR §7-104 of the Annotated Code of Maryland.

*CJIS Code 1-1136*
*CR §7-104*
*Penalty: $10,000 and/or 5 years*

## IV.     BOARD SERVICE AT ACADEMY ART MUSEUM

40.     The State incorporates paragraphs 1-6; 7-11; and paragraphs 30-35 of this Information as though fully set forth herein.

41.     On March 27, 2019, MCGRATH met with the Executive Director of Academy Art Museum and two members of the Board of Trustees of the Academy Art Museum at the Talbot County Country Club. During the meeting MCGRATH and the others discussed MCGRATH joining Academy Art Museum's Board of Trustees.

42.     That same day, following the meeting, MCGRATH sent text messages to his partner stating "Looks like I'm going to need to join this board…which is fine. I just want to come off the other

EXHIBIT 1

21-0017(39)-I 1 000015

one first the timing should be good…. The people involved are at a much higher level and far better networked…so I think it will be more beneficial in that respect too."

43.    On April 2, 2019, MCGRATH directed the Executive Assistant and Board Liaison for the Office of the Director of MES to purchase tickets to an Academy Art Museum event for his use using an MES credit card that was issued to the Executive Assistant and Board Liaison, in an attempt to conceal that this expenditure was for MCGRATH'S benefit.

44.    On April 25, 2019, MCGRATH along with other members of the MES Board, received ethics training from the Director of the Maryland State Ethics Commission ("Ethics Commission").

45.    On August 8, 2019, while on a boat cruise to Italy, MCGRATH received an email welcoming him to the Academy Art Museum's Board of Trustees. The Executive Director of Academy Art Museum asked for MCGRATH's contact information and MCGRATH responded "Maybe best if we use my personal mailing address going forward, as this will not be an official function of my work role (although I certainly anticipate some overlap)."

46.    On September 12, 2019, Academy Art Museum announced changes to its Board of Trustees, including the addition of MCGRATH as a new appointee to the Board of Trustees. That same day, a Board member from Academy Art Museum sent an email to MCGRATH which thanked him for his "personal engagement with the Museum." Attached to the email was a letter which requested a $15,000 contribution as sponsorship for the Academy Art Museum Craft Show.

47.    On October 25, 2019, at MCGRATH's direction, MES issued a check to the Academy Art Museum in the amount of $15,000. MCGRATH did not request Board approval for this expense and did not disclose this expense to the Board.

EXHIBIT 1                          21-0017(39)-I 1 000016

48.     As Director of MES, MCGRATH filed annual financial disclosures with the Ethics Commission. Although he joined the Board of Trustees for the Academy Art Museum in 2019, MCGRATH did not disclose his position on the Board in his 2019 financial disclosure as required by law.

## COUNT 23 - MISCONDUCT IN OFFICE

49.     On or about October 21, 2019, through and including October 25, 2019 at Anne Arundel County, Maryland, ROY C. MCGRATH, in violation and perversion of his duties as the Chair of the Board and Director of Maryland Environmental Service, did corruptly commit misconduct in office by knowingly, willfully, and intentionally, while exercising his duties of office, directing $15,000 dollars in Maryland Environmental Service funds to the Academy Art Museum without disclosing the donation to the Board of Directors of the Maryland Environmental Service, while serving on the Board of Trustees of the Academy Art Museum, in violation of the common law and against the peace, government and dignity of the State.

*Common Law*
*CJIS Code 2-0645 Misconduct in Office*
*Penalty: Anything not cruel and unusual*

## V. DEPARTURE FROM MES

50.     The State incorporates paragraphs 1-6, paragraphs 8-11, paragraphs 30-35 and paragraphs 40-48 of this Information as though fully set forth herein.

51.     On May 18, 2020, Governor Hogan met with MCGRATH about MCGRATH's possible appointment as the Governor's new Chief of Staff, to replace the Chief of Staff who had tendered his resignation effective in early June of 2020. After the meeting MCGRATH texted the Governor's Chief of Staff, "Offered, accepted."

EXHIBIT 1
21-0017(39)-I 1 000017

52.     Later that evening, MCGRATH informed the Governor's Chief of Staff that MCGRATH

would continue to earn the same salary MCGRATH was earning at MES, an increase of $28,000

over the Chief of Staff's current salary. The Chief of Staff advised MCGRATH that this could be

a public relations issue, given the climate with COVID-19 and budget concerns. MCGRATH

informed the Chief of Staff that it would not be an issue, because MCGRATH was forgoing future

bonuses at MES by accepting the Chief of Staff position. MCGRATH never mentioned a severance

payment to the Governor's Chief of Staff.

53.     On May 20, 2020, MCGRATH received an official offer letter from the Governor's Office

setting his salary as the Governor's Chief of Staff at $233,647.23, which was his exact salary at

MES. Although the Governor's Office paid MCGRATH the same salary in his role as Chief of

Staff as the salary he was earning at MES, MCGRATH informed multiple MES employees and

Board Members that he was taking a pay cut to move from MES to the Governor's Office.

54.     On May 26, 2020, at 11:19 a.m., MCGRATH sent an email to members of the MES Board,

writing: "As you know, I am in my fourth year at MES. At the end of this month, I will be departing

MES to serve as Chief of Staff for the State of Maryland and Governor Hogan. I will be sharing

this today with MES during our 11:30 a.m. all-team call, and an announcement is expected from

the Governor's office this afternoon. Your confidence until then is appreciated."

55.     On May 27, 2020, the HR Committee of the MES Board met to discuss MCGRATH's

departure. The Chairman of the HR Committee conveyed to the HR Committee that MCGRATH

had requested one year's salary as a severance payment in his exit package. The HR Committee

raised concerns about MCGRATH's request and at the end of the meeting agreed that it would not

recommend the issuance of the requested severance payment unless it was approved by Governor

Hogan.

EXHIBIT 1

**21-0017(39)-I 1 000018**

56.     Following the meeting on May, 27, 2020, the Deputy Director of MES sent the following

text message to MCGRATH:

> DEPUTY DIRECTOR OF MES:     *Hi, the HR committee wants to make sure that
> the governor would be OK with you receiving severance equal to one year's pay.
> They are worried about the optics and don't want to do anything to make the
> Governor look bad. I told them that I thought that the governor was aware and was
> OK with it. Correct?*
>
> MCGRATH:   *It's anticipated, yes. Not to mention the precedences* [sic]

57.     On May 28, 2020, the HR Committee had a second meeting where his severance package

at one year's salary was approved.

58.     Meeting minutes are prepared at each MES Board meeting, which are disseminated for

review by those present at the meeting and then approved by vote at the next meeting. The next

scheduled meeting of the MES Board was June 29, 2020.

59.     The final version of the closed meeting minutes, as approved by the MES Board, in June

2020, read:

> *[Chairman of the HR Committee], as Chair of the Human Resources Committee
> initiated a discussion regarding compensation for the Director. [Chairman of the
> HR Committee] advised that Mr. McGrath had announced his resignation as
> Director of the agency and would be starting a new position as Governor Hogan's
> Chief of staff on Monday, June 1. Mr. McGrath had requested that the Board
> approve a severance payment like the severance that the Board had approved for
> the two prior Directors. [Chairman of the HR Committee] stated that he had told
> Mr. McGrath that he would not recommend the severance payment be made unless
> the Governor was aware of the proposed severance and did not object. [Chairman
> of the HR Committee] also reported that he and Mr. McGrath had also discussed
> other personnel and budgetary matters and Mr. McGrath assured him that the
> concerns of the Board would be considered.*
>
> *[Chairman of the HR Committee] then advised that the Human Resources
> Committee had met via conference call on May 27, and again on the morning of
> May 28 prior to the Board meeting. The Human Resources Committee was
> recommending that the full Board approve a severance payment to Mr. McGrath
> consisting of an amount equal to one year's salary which is $233,647.23, plus
> tuition reimbursement in the amount of $5,250, for a total amount of $238,897.23.
> [Chairman of the HR Committee] further stated that the Committee recommended*

EXHIBIT 1   **21-0017(39)-I 1 000019**

*that the amount be rounded up to $239,000.00. In making this recommendation [Chairman of the HR Committee] noted that by leaving prior to the end of the fiscal year Mr. McGrath would not be able to receive an Executive Incentive payment for FY 2020. This amount would be approximately $47,000. Additionally, Mr. McGrath has a significant amount of unused leave, which he intends to transfer to his new position. Mr. McGrath had told [Chairman of the HR Committee] that the cash value of his unused leave was approximately $211,000.*

60.   On August 17, 2020, MCGRATH resigned his position as Chief of Staff to Governor Hogan.

61.   On August 25, 2020, Governor Hogan released a statement including the following:

> To be clear, I did not approve, recommend, or have any involvement whatsoever in any of these decisions made by the board of directors of MES with respect to the former director Roy McGrath or any other individual.

## COUNT 24 - MISCONDUCT IN OFFICE

62.   On or about May 18, 2020 through and including May 31, 2020, at Anne Arundel County, Maryland, ROY C. MCGRATH, in violation and perversion of his duties as the Chair of the Board and Director of Maryland Environmental Service, did corruptly commit misconduct in office by knowingly, willfully, and intentionally, while exercising his duties of office, conveying Governor Larry Hogan's endorsement of a $233,647.23 severance package to the Maryland Environmental Service Board of Directors, which the Board relied on as a material element of its decision to award the severance package to MCGRATH upon his exit from Maryland Environmental Service, when in fact Governor Hogan had not endorsed the proposed $233,647.23 severance package, in violation of the common law and against the peace, government and dignity of the State.

*Common Law*
*CJIS Code 2-0645 Misconduct in Office*
*Penalty: Anything not cruel and unusual*

EXHIBIT 1                    21-0017(39)-I 1 000020

## IV. SENIOR EXECUTIVE FELLOW PROGRAM

63.     The State incorporates paragraphs 1-6, paragraphs 30-35, paragraphs 40-48 and paragraphs 50-61 of this Information as though fully set forth herein.

64.     On January 31, 2020, MCGRATH contacted Harvard University about the Senior Executive Fellows Program ("SEFP") at the Kennedy School, which had an application deadline of February 5, 2020.

65.     On February 10, 2020, MCGRATH was accepted into the Senior Executive Fellows Program at the Harvard Kennedy School, and was scheduled to attend an in-person program in Cambridge, Massachusetts from April 4 - May 1, 2020, at a cost of $14,475.00.  MCGRATH did not inform the MES Board about this program during this time period.

66.     Due to the COVID-19 pandemic, the program was rescheduled as a virtual program set to begin June 1, 2020 and end on June 26, 2020.

67.     On May 25, 2020, in preparation for the announcement of MCGRATH's new position as the Chief of Staff, MCGRATH sent an email to the Director of Communications for the Governor's Office, which stated in pertinent part "thought some background info might be helpful for whomever is handling tomorrow's transition announcement draft."  In that email, MCGRATH attached information about himself, which included a statement that he was a "Senior Executive Fellow at the Harvard Kennedy School of Government."

68.     In the evening of May 28, 2020, the same day that MCGRATH's severance package, including one year's salary and tuition reimbursement, was approved by the Board, MCGRATH contacted the MES Director of Operations and used his personal email account to send a copy of the invoice from Harvard to the MES Director of Operations' personal email account. The MES

EXHIBIT 1

21-0017(39)-I 1 000021

Director of Operations then used his personal credit card to pay MCGRATH's $14,475.00 tuition payment to Harvard.

69.     On May 29, 2020, at 9:43 a.m., the MES Director of Operations submitted the Harvard Kennedy invoice for reimbursement through MES's accounts payable system. All requests for reimbursement must be approved by an employee's supervisor. At 2:26 p.m., MCGRATH, as the direct supervisor of the MES Director of Operations, approved the MES Director of Operations' request for reimbursement in the amount of $14,475.00. May 29, 2020 was MCGRATH's last work day at MES and the last day that MCGRATH was the MES Director of Operations' supervisor.

70.     On June 3, 2020, an employee in MES's finance department contacted the MES Director of Operations via email, which read in pertinent part:

> It appears that you paid for some type of course/program for Roy at the Harvard Kennedy School. As this is a large reimbursement, we will need further documentation on the payment for this. The invoice does not note how it was paid, only that it was paid. A copy of the credit card transaction or something similar would be good. Also, in the midst of the COVID, I just wanted to confirm that this course/program still occurred and was attended by Roy.

Upon receipt of the email, the MES Director of Operations contacted MCGRATH to find out how the MES Director of Operations should respond.

71.     On June 4, 2020, the MES Director of Operations responded to the email and wrote "Hi [Employee in Finance Division of MES]– thank you for the follow up! **Yes, the course still occurred**." (Emphasis added). The MES Director of Operations also provided additional documentation of the payment made on his credit card and his reimbursement request was processed and paid in full.

72.     On June 5, 2020, the end of the first week of the SEFP, MCGRATH was contacted by a member of the program staff in reference to his lack of attendance, who said that they understood

EXHIBIT 1

**21-0017(39)-I 1 000022**

he had a demanding job but that it might make more sense for MCGRATH to withdraw from the

program and attend another time. MCGRATH responded to this email stating that he had not heard

of program requirements and, regarding their offer for a refund, MCGRATH stated that "it is also

a bit complicated too as my former employer sponsored the course and I would likely not be able

to participate in person for the next two years."

## COUNT 25 - MISAPPROPRIATION

73.     On or about May 29, 2020, at Anne Arundel County, Maryland, ROY C.  MCGRATH,

did, being a fiduciary of Maryland Environmental Service, an agency of the State of Maryland,

fraudulently and willfully appropriate to a use not in the due and lawful execution of his trust,

$14,475.00 of funds, for tuition for a course offered by Harvard University Kennedy School that

both began and commenced after MCGRATH was no longer a Maryland Environmental Service

employee, received by him in his fiduciary capacity, in violation of the common law and against

the peace, government and dignity of the State.

*CR §7-113*
*CJIS Code 1-2799*
*Penalty: 5 years*

## COUNT 26 - THEFT $1,500-$25,000

76.     ROY C. MCGRATH, did, between the dates of on or about May 29, 2020 through and

including June 4, 2020, steal approximately $14,475.00, the property of Maryland Environmental

Service, to pay for a Senior Executive Fellow program offered by the Harvard University Kennedy

School, that both began and commenced after MCGRATH was no longer a Maryland

EXHIBIT 1

**21-0017(39)-I 1 000023**

Environmental Service employee, in violation of CR § 7-104 of the Annotated Code of Maryland and against the peace, government, and dignity of the State.

*CR §7-104*
*CJIS Code 1-1136*
*Penalty: $10,000 and/or 5 years*

## COUNT 27 - MISCONDUCT IN OFFICE

77.     On or about May 29, 2020, at Anne Arundel County, Maryland, ROY C. MCGRATH, in violation and perversion of his duties as the Chair of the Board and Director of Maryland Environmental Service, did corruptly commit misconduct in office by knowingly, willfully, and intentionally, while exercising his duties of office, approve a $14,475.00 reimbursement request submitted by the MES Director of Operations, for a Senior Executive Fellows Program offered by the Harvard Kennedy School, that MCGRATH would both begin and complete after he knew he would no longer be a Maryland Environmental Service employee, in violation of the common law and against the peace, government and dignity of the State.

*Common Law*
*CJIS Code 2-0645 Misconduct in Office*
*Penalty: Anything not cruel and unusual*

EXHIBIT 1

**21-0017(39)-I 1 000024**

THE STATE PROSECUTOR further avers and alleges that the offenses charged hereinabove were committed contrary to the form and Act of Assembly in such cases made and provided and were against the peace, government and dignity of the State of Maryland.

CHARLTON T. HOWARD
MARYLAND STATE PROSECUTOR

By:

SARAH R. DAVID
Deputy State Prosecutor
Office of the State Prosecutor
300 E. Joppa Road
Suite 410, Hampton Plaza
Towson, Maryland 21286
(410) 321-4067
sarah.david@maryland.gov
AIS# 1312170202

EXHIBIT 1

21-0017(39)-I 1 000025

Dist. Court No. ISSUE SUMMONS
Tracking No.: 217002000504
Prosecutor:  Sarah R. David, Deputy State Prosecutor
Description:  White or Caucasian, Male; DOB: 08/09/1969
Location: 4552 Tamarind Way Naples, Florida 34119

### REQUEST FOR SUMMONS

**PLEASE ISSUE** a criminal summons in this case for the Defendant, ROY MCGRATH,

to be issued to counsel for MCGRATH, Bruce Marcus, Esquire, and/or Sydney Patterson, Esquire,

at the following address:

> Mr. Bruce Marcus, Esquire,
> Ms. Sydney Patterson, Esquire
> Counsel to Roy McGrath
> 6411 Ivy Lane, Suite 116
> Greenbelt, MD 20770

EXHIBIT 1

**21-0017(39)-I 1 000026**

# NOTICE

TO THE PERSON CHARGED:

1.   This paper charges you with committing a crime.

2.   If you have been arrested and remain in custody, you have the right to have a judicial officer decide whether you should be released from jail until your trial.

3.   If you have been served with a citation or summons directing you to appear before a judicial officer for a preliminary inquiry at a date and time designated or within five days of service if no time is designated, a judicial officer will advise you of your rights, the charges against you, and penalties. The preliminary inquiry will be cancelled if a lawyer has entered an appearance to represent you.

4.   You have the right to have a lawyer.

5.   A lawyer can be helpful to you by:
     (A) explaining the charges in this paper;
     (B) telling you the possible penalties;
     (C) explaining any potential collateral consequences of a conviction, including immigration consequences;
     (D) helping you at trial;
     (E) helping you protect your constitutional rights; and
     (F) helping you to get a fair penalty if convicted.

6.   Even if you plan to plead guilty, a lawyer can be helpful.

7.   If you are eligible, the Public Defender or a court-appointed attorney will represent you at any initial appearance before a judicial officer and at any proceeding under Rule 4-216.2 to review an order of a District Court commissioner regarding pretrial release. If you want a lawyer for any further proceeding, including trial, but do not have the money to hire one, the Public Defender may provide a lawyer for you. To apply for Public Defender representation, contact a District Court commissioner.

8.   If you want a lawyer but you cannot get one and the Public Defender will not provide one for you, contact the court clerk as soon as possible.

9.   **DO NOT WAIT UNTIL THE DATE OF YOUR TRIAL TO GET A LAWYER.** If you do not have a lawyer before the trial date, you may have to go to trial without one.

_____
Defendant

_____
Date/Time

EXHIBIT 1

**21-0017(39)-I 1 000027**