IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. DLB-21-339 |
| ROY McGRATH | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**RESPONE IN OPPOSITION TO GOVERNMENT'S MOTIONS IN LIMINE REGARDING RECORDINGS MADE BY THE DEFENDANT IN 2020.**

The Government argues against the admissibility of recordings made by the Defendant of conversations he had with others where he was acting as a member of the State of Maryland's Coronavirus Response Team and as Chief of Staff to Governor Hogan on the basis that they were illegally recorded. The Defendant recorded meetings in which he was a participant, and which pertained to matters of public import, from March 2020 through August 2020. The recordings were made in compliance with federal law and should thus be admissible at trial in this matter.

**Legal Argument**

**I.     Legal Standard**

Federal law governs the admissibility of evidence in federal criminal cases. *See United States v. Glasco*, 917 F.2d 797, 799 (4th Cir. 1990), (citing *United States v. Mealy*, 851 F.2d 890.907(7th Cir. 1988), *United States v. Pforzheimer*, 826 F.2d 200, 204 (2d Cir. 1987) (citing cases and concluding that "all other circuits that have been presented with this issue have concluded that 'evidence admissible under federal law cannot be excluded because it would be inadmissible under state law.'")). Under 18 U.S.C. § 2515, wire and oral communications are only prohibited from being entered into evidence if they were obtained in violation of the federal

wiretap statutes contained in 18 U.S.C. §§ 2510 et seq.  According to the federal wiretap statute, a recording made with one-party consent is not unlawful:

> It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any state.

18 U.S.C. §2511(2)(d).

Unlike the Maryland Wiretap Act, the Federal Wiretap Act requires the consent of only one-party to a conversation. Indeed, Maryland's requirement for "two-party consent" is "a departure from the federal act" and is "aimed at providing greater protection for the privacy interest in communications than the federal law." *Seal v. State,* 447 Md. 64, 73 (2016) Federal courts have routinely found that more restrictive state wiretap laws do not preclude the introduction of evidence in federal courts. *See Glasco*, 917 F.2d at 798–99; *Pforzheimer*, 826 F.2d at 204;  *United States v. Blank,* Crim. No. WDQ-14-448, 2015 U.S. Dist. LEXIS 87599 at * (D. Md. June 30, 2015) (finding that the Court need not analyze whether a defendant's actions violated the Maryland statutes, as the admissibility of evidence in determined by federal law "*without regard to state law."* (quoting *United States v.* Charles, 213 F.3d 10, 19 (1st Cir. 2000))); *United States v. Horton*, 601 F.2d 319, 323  (7th Cir. 1979)(where an Illinois statute required consent of all parties to a conversation for the conversation to be recorded, the Seventh Circuit found that "a more restrictive state law would not affect the admissibility of such evidence in a federal court," and that the defendant himself could have "lawfully record conversation to which he was a party so long as the purpose of the recording was not to commit a crime."), *United States v. D'Antoni*, 874 F.2d 1214, 1218 (7th Cir. 1989) ("As long as the tape-

recorded conversations are admissible under federal law, which they are here, they are admissible in federal court, even though they might not have been admissible in state court.")

In order to prevent evidence obtained in compliance with 18 U.S.C. §§ 2510 et seq. from being entered into federal court is to show the person recording the calls made the calls with a criminal or tortious purpose, over and beyond having violated the state wiretap statute. *See United States v.* Toy, 60 M.J. 598, 605 (N-M Ct. Crim. App. 2004) (finding evidence admissible that was obtained in violation of Hawaii wiretap statute but where the party recording the interaction lacked criminal intent), *United States v. Zarnes*, 33 F.3d 1454, 1469 (7th Cir. 1994)(finding that a wife did not make a recording with criminal intent where she made the recording for the purposes of turning it over to the Government in hopes of obtaining a better deal for herself), *United States v. Dale*, 991 F.2d 819, 841 (D.C. Cir. 1992)(per curiam)(taping the telephone call of a confederate in the hope of obtaining evidence to reduce one's sentence is not illegal), *United States v. Cassiere*, 4 F.3d 1006, 1021 (1st Cir. 1993) (district court's finding that a party made tape for lawful purpose of preventing future distortions by a co-conspirator was not clearly erroneous).

II. **Because federal law dictates the admissibility of evidence, the recordings in this case are admissible**

The recordings in this case are admissible under federal law. The referenced recordings were recordings in which the Defendant was a participant. Because of the COVID-19 pandemic, these meetings had to occur virtually through the Google Meet platform, instead of in person. ECF 46-1 at 3. The recordings were made of discussions about the COVID-19 pandemic response, a matter which was of the utmost concern to the welfare of all citizens of the State of Maryland. The recordings were made for a variety of reasons, none of which were to commit a criminal or tortious act. As such, the recordings are admissible under 18 U.S.C. § 2511(2)(d).

In support of its argument that none of the recordings, besides the recording which helps the Government's case, should be admitted, the Government does not include one citation to federal authority. Instead, the Government urges this Court to accept as a fact that the recordings were illegally obtained under Maryland law, and that the Court should exclude the evidence because in their view the "Defendant may not profit from his illegal conduct." ECF  The Government correctly states that on October 5, 2021, the State of Maryland charged the Defendant with nine counts of violating the Maryland Wiretap Act. *See* ECF 46-1. However, the Defendant's trial in the State of Maryland is not scheduled until March 2023. No Maryland court has found that the Defendant acted in violation of the Maryland Wiretap Act, and therefore no Maryland court has found that the recordings were obtained in violation of the Maryland Wiretap Act. This Court need not make any finding as to whether the recordings at issue were obtained in violation of Maryland law, as it does not have any bearing on the Court's inquiry.

For the reasons stated above, as well as those advanced at the pretrial conference in this matter, the Government's motions in limine regarding the recordings in this case should be denied.

___-s-_____

                                              Joseph Murtha
                                              Rice Murtha & Psoras, LLC
                                              1301 York Rd Ste 200
                                              Lutherville MD 21093
                                              (410-583-6969
                                              jmurtha@ricelawmd.com

## CERTIFICATE OF SERIVE

I HEREBY CERTIFY that on this 4th day of October, 2022, a copy of the aforegoing Response in Opposition to Government's Motions in Limine Regarding Recordings made by the Defendant in 2020 was filed with CM/ECF and served upon counsel for the government.

                                          ____-s-_____
                                          Joseph Murtha