**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL NO. <u>DLB-21-0399</u>** |
| **ROY C. MCGRATH,** | |
| **Defendant.** | |

## <u>PROPOSED JOINT JURY INSTRUCTIONS</u>

The United States of America, by and through the undersigned attorneys, and Joseph Murtha, counsel for the Defendant Roy C. McGrath, respectfully request that this Honorable Court instruct the jury in accordance with the following proposed instructions. The parties request an opportunity to supplement these instructions should issues arise during the trial that may necessitate additional or modified instructions.

The government further requests that this Honorable Court, in accordance with Rule 30 of the Federal Rules of Criminal Procedure, inform counsel of its proposed action upon the requested instructions prior to counsels' arguments to the jury.

Respectfully submitted,

Joseph Murtha, Esq.
Rice, Murtha & Psoras, LLC
Lutherville, Maryland 21093

Philip A. Selden
First Assistant United States Attorney

By:  _____/s/_____
Joyce K. McDonald
Aaron S.J. Delinsky
Assistant United States Attorneys

Sarah R. David
Special Assistant United States Attorney

# TABLE OF CONTENTS

JURY INSTRUCTION NO. 1 (Juror Attentiveness) ........................................................1

JURY INSTRUCTION NO. 2 (Role of the Court) .......................................................2

JURY INSTRUCTION NO. 3 (Role of the Jury) ........................................................3

JURY INSTRUCTION NO. 4 (Juror Obligations) ......................................................5

JURY INSTRUCTION NO. 5 (The Government as a Party) ............................................6

JURY INSTRUCTION NO. 6 (Conduct of Counsel) ....................................................7

JURY INSTRUCTION NO. 7 (Improper Considerations) ..............................................8

JURY INSTRUCTION NO. 8 (Sympathy) ...............................................................9

JURY INSTRUCTION NO. 9 (Publicity - The Internet) ............................................. 10

JURY INSTRUCTION NO. 10 (Jury to Consider Only This Defendant) ................................ 11

JURY INSTRUCTION NO. 11 (Presumption of Innocence and Burden of Proof) .................... 12

JURY INSTRUCTION NO. 12 (Specific Investigative Techniques Not Required) ................... 13

JURY INSTRUCTION NO. 13 (Direct and Circumstantial Evidence) ..................................... 14

JURY INSTRUCTION NO. 14 (Questions) .............................................................. 15

JURY INSTRUCTION NO. 15 (Testimony and Exhibits) ............................................... 16

JURY INSTRUCTION NO. 16 (Charts and Summaries – Admitted as Evidence) .................... 17

JURY INSTRUCTION NO. 17 (Charts and Summaries NOT Admitted as Evidence) ............. 18

JURY INSTRUCTION NO. 18 (Admission of Defendant) .............................................. 19

JURY INSTRUCTION NO. 19 (Improper Consideration of Defendant's Right Not to Testify/ Defendant's Interest if Defendant Testifies) ......................................................... 20

JURY INSTRUCTION NO. 20 (Inference Defined (Presumptions) ..................................... 21

JURY INSTRUCTION NO. 21 (Witness Credibility -- General Instruction) ........................... 22

JURY INSTRUCTION NO. 22 (Interest in Outcome) ............................................................. 24

JURY INSTRUCTION NO. 23 (Prior Inconsistent Statements) [If Applicable] ...................... 25

JURY INSTRUCTION NO. 24 (Expert Witness (Generally)) [If Applicable] .......................... 26

JURY INSTRUCTION NO. 25 (Indictment is Not Evidence) .................................................. 27

JURY INSTRUCTION NO. 26 (Introduction to the Charges) .................................................. 28

JURY INSTRUCTION NO. 27 (Variance -- Dates) .................................................................. 29

JURY INSTRUCTION NO. 28 (Wire Fraud Indictment and Statute) ....................................... 30

JURY INSTRUCTION NO. 29 (Elements of the Offense) ........................................................ 31

JURY INSTRUCTION NO. 30 (First Element--Existence of a Scheme or Artifice to Defraud)..32

JURY INSTRUCTION NO. 31 (Second Element--Participation in Scheme with Intent) ..............35

JURY INSTRUCTION NO. 32 (Third Element--Use of the Wires) ..............................................37

JURY INSTRUCTION NO. 33 (Section 666 Charges and the Statute) ....................................... 38

JURY INSTRUCTION NO. 34 (Elements of the Offense) ............................................................39

JURY INSTRUCTION NO. 35 (First Element – Defendant Was Agent of Organization) ..............40

JURY INSTRUCTION NO. 36 (Second Element – Organization Received Federal Funds) ..........41

JURY INSTRUCTION NO. 37 (Third Element – Defendant Embezzled or Stole Property) ..........42

JURY INSTRUCTION NO. 38 (Fourth Element – Property Belonged to Organization or Gov't) ..43

JURY INSTRUCTION NO. 39 (Fifth Element – Value of Property Embezzled or Stolen) ............ 44

JURY INSTRUCTION NO. 40 (The Indictment and the Statute (Section 1519)) .......................... 45

JURY INSTRUCTION NO. 41 (Elements of the Offense) ............................................................ 46

JURY INSTRUCTION NO. 42 (First Element – Altering or Destroying Evidence) ...................... 47

JURY INSTRUCTION NO. 43 (Second Element – Knowing Conduct) ........................................ 48

JURY INSTRUCTION NO. 44 (Third Element – Intent to Impede Investigation) ........................ 49

JURY INSTRUCTION NO. 45 (Punishment) ............................................................................ 50

JURY INSTRUCTION NO. 46 (Duty to Consult and Need for Unanimity) ............................... 51

JURY INSTRUCTION NO. 47 (Foreperson – Verdict Form) ...................................................... 52

JURY INSTRUCTION NO. 48 (Communication with the Court) ................................................. 53

## JURY INSTRUCTION NO. 1
(Juror Attentiveness)

Ladies and gentlemen, you are about to enter your final duty, which is to decide the fact issues in the case.

Before you do that, I will instruct you on the law. You must pay close attention to me now. I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and observe each witness who testified. It has been obvious to me and to counsel that you have faithfully discharged this duty. Your interest never flagged, and it is evident that you followed the testimony with close attention. I ask you to give me that same careful attention, as I instruct you on the law.

Sand, Modern Federal Jury Instructions, 2.1

## JURY INSTRUCTION NO. 2
(Role of the Court)

You have now heard all of the evidence in the case.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be--or ought to be--it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

Sand, Modern Federal Jury Instructions, 2-2.

2

## JURY INSTRUCTION NO. 3
(Role of the Jury)

Your final role is to pass upon and decide the fact issues that are in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

I shall later discuss with you how to pass upon the credibility--or believability--of the witnesses.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. In this connection, you should bear in mind that a question put to a witness is never evidence. It is only the answer which is evidence. Nor is anything I may have said during the trial or may say during these instructions with respect to a fact matter to be taken in substitution for your own independent recollection. What I say is not evidence.

The evidence before you consists of the answers given by witnesses--the testimony they gave, as you recall it--and the exhibits that were received in evidence.

The evidence does not include questions. Only the answers are evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

You may also consider the stipulations of the parties as evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are

3

not any indication of my views of what your decision should be as to whether or not the guilt of the defendant has been proven beyond a reasonable doubt.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice as to any party.

Sand, Modern Federal Jury Instructions, 2-3.

## JURY INSTRUCTION NO. 4
(Juror Obligations)

In determining the facts, the jury is reminded that before each member was accepted and sworn to act as a juror, he or she was asked questions concerning competency, qualifications, fairness and freedom from prejudice and bias. On the faith of those answers, the juror was accepted by the parties. Therefore, those answers are as binding on each of the jurors now as they were then, and should remain so, until the jury is discharged from consideration of this case.

Sand, Modern Federal Jury Instructions, 2-4.

## JURY INSTRUCTION NO. 5
(The Government as a Party)

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

Sand, Modern Federal Jury Instructions, 2-5.

## JURY INSTRUCTION NO. 6
(Conduct of Counsel)

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence which that attorney believes is not properly admissible.

Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the bench out of the hearing of the jury. All those questions of law must be decided by me, the court.

You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

Sand, Modern Federal Jury Instructions, 2-8.

7

## JURY INSTRUCTION NO. 7
(Improper Considerations)

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex, or age. All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

Sand, Modern Federal Jury Instructions, 2-11.

## JURY INSTRUCTION NO. 8
(Sympathy)

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

Sand, Modern Federal Jury Instructions, 2-12.

## JURY INSTRUCTION NO. 9
### (Publicity - The Internet)

There may have been some newspaper or media attention given to this case in the past.

You must insulate yourself from all information about this case, except what comes to you in this courtroom through the Rules of Evidence. Your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions. You must completely disregard any report which you might have read in the press, on the internet, or seen on television. Indeed, it would be unfair to consider such information, since it is not evidence and the parties have no opportunity of contradicting their accuracy or otherwise explaining them.

I am also instructing you to not do any research or outside reading regarding the facts of this case. This includes the newspaper, television and the Internet. You must not do a "google" search, or any other similar type search on the Internet, or research the issues raised in the case in any way.

In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any matter by publicity or outside reports or research.

Sand, Modern Federal Jury Instructions, No. 2-14, 2-17 (modified).

10

## JURY INSTRUCTION NO. 10
### (Jury to Consider Only This Defendant)

You are about to be asked to decide whether or not the government has proven beyond a reasonable doubt the guilt of this defendant. You are not being asked whether any other person has been proven guilty. Your verdict should be based solely upon the evidence or lack of evidence as to this defendant, in accordance with my instructions and without regard to whether the guilt of other people has or has not been proven.

Sand, Modern Federal Jury Instructions, 2-18.

## JURY INSTRUCTION NO. 11
(Presumption of Innocence and Burden of Proof)

Although the defendant has been indicted, you must remember that an Indictment is only an accusation. It is not evidence. The defendant has pled not guilty to that Indictment.

As a result of the defendant's plea of not guilty the burden is on the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes the defendant to be innocent of all the charges against him. I therefore instruct you that the defendant is to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven the defendant guilty beyond a reasonable doubt.

The defendant began the trial here with a clean slate. This presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of guilt, after a careful and impartial consideration of all of the evidence in this case. If the government fails to sustain its burden, you must find the defendant not guilty.

This presumption was with the defendant when the trial began and remains with him even now as I speak to you and will continue with the defendant into your deliberations unless and until you are convinced that the government has proven guilt beyond a reasonable doubt.

Sand, Modern Federal Jury Instructions, 4-1.

**JURY INSTRUCTION NO. 12**
(Specific Investigative Techniques Not Required)

During the trial you have heard testimony of witnesses and you may hear argument by counsel that the government did not utilize specific investigative techniques. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, you also are instructed that there is no legal requirement that the government use any specific investigative techniques to prove its case.

Moreover, the law does not require the prosecution to call as witnesses all persons who have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require the prosecution to produce as exhibits all papers and things mentioned in the evidence.

Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

Sand, Modern Federal Jury Instructions, 4-4.

13

## JURY INSTRUCTION NO. 13
(Direct and Circumstantial Evidence)

In deciding whether or not the government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly. For example, when a witness testifies to what he or she saw, heard or observed, that is called direct evidence. Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining.

So you have no direct evidence of that fact. But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

Sand, Modern Federal Jury Instructions, 5-2.

14

## JURY INSTRUCTION NO. 14
### (Questions)

Let me emphasize that a lawyer's questions are not evidence. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true. If the witness denies the truth of a statement, and if there is no evidence in the record proving that the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there is some other evidence in the record that he had beaten his wife.

In short, questions are not evidence; answers are.

Sand, Modern Federal Jury Instructions, 5-3.

## JURY INSTRUCTION NO. 15
(Testimony and Exhibits)

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

Exhibits which have been marked for identification but not received may not be considered by you as evidence. Only those exhibits received may be considered as evidence.

Similarly, you are to disregard any testimony when I have ordered it to be stricken. As I indicated before, only the witness' answers are evidence and you are not to consider a question as evidence. Similarly, statements by counsel are not evidence.

You should consider the evidence in light of your own common sense and experience, and you may draw reasonable inferences from the evidence.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.


Sand, Modern Federal Jury Instructions, 5-4.

16

## JURY INSTRUCTION NO. 16
(Charts and Summaries – Admitted as Evidence)

The government has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries. You should consider these charts and summaries as you would any other evidence.

Sand, Modern Federal Jury Instructions, 5-12.

## JURY INSTRUCTION NO. 17
(Charts and Summaries NOT Admitted as Evidence)

The government has presented exhibits in the form of charts and summaries. These charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

Sand, Modern Federal Jury Instructions, 5-13.

## **JURY INSTRUCTION NO. 18**
(Admission of Defendant)

There has been evidence that the defendant made certain statements in which the government claims he admitted certain facts charged in the Indictment.

In deciding what weight to give the defendant's statements, you should first examine with great care whether each statement was made and whether, in fact, it was voluntarily and understandingly made.

I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence.

Sand, <u>Modern Federal Jury Instructions</u>, 5-19.

**JURY INSTRUCTION NO. 19**
(Improper Consideration of Defendant's Right Not to Testify/
Defendant's Interest if Defendant Testifies)

The defendant chose not to testify in this case. Under our constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent.

Therefore, you may not attach any significance to the fact that the defendant did not testify. No adverse inference may be drawn by you because the defendant did not take the witness stand, and you may not consider it in any way in your deliberations in the jury room.

Sand, Modern Federal Jury Instructions, 5-21.

**OR:**

In a criminal case, a defendant cannot be required to testify, but, if a defendant chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant decided to testify. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Sand, Modern Federal Jury Instructions, 7-4.

20

## JURY INSTRUCTION NO. 20
### (Inference Defined (Presumptions))

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted to draw-but not required to draw-from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based on direct or circumstantial evidence, or on the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict.

Sand, Modern Federal Jury Instructions, 6-1.

## JURY INSTRUCTION NO. 21
(Witness Credibility -- General Instruction)

It must be clear to you by now that the government and the defendant are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?

Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias.

Does the witness have a relationship with the government or the defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

22

You should also consider whether a witness had an opportunity to observe the facts he or she testified about. Also, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

Sand, <u>Modern Federal Jury Instructions</u>, 7-1.

**JURY INSTRUCTION NO. 22**
(Interest in Outcome)

In evaluating the credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

Sand, Modern Federal Jury Instructions, 7-3.

24

## JURY INSTRUCTION NO. 23
(Prior Inconsistent Statements)

You have heard evidence that a witness made a statement on an earlier occasion that counsel argues is inconsistent with the witness' trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

Sand, Modern Federal Jury Instructions, 7-19.

## JURY INSTRUCTION NO. 24
(Expert Witness (Generally))

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony.

You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

Sand, <u>Modern Federal Jury Instructions</u>, 7-21.

## JURY INSTRUCTION NO. 25
### (Indictment is Not Evidence)

With these preliminary instructions in mind, let us turn to the charges against the defendant. The defendant here, Roy McGrath, is charged with various crimes about which I will instruct you shortly. Each charge is called a "count." I will refer to each count by the number assigned to it in the Indictment.

I remind you that an Indictment itself is not evidence. It merely describes the charges made against the defendant. It is an accusation. It may not be considered by you as any evidence of the guilt of the defendant.

In reaching your determination of whether the government has proved the defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or lack of evidence.

Sand, Modern Federal Jury Instructions, 3-1.

## JURY INSTRUCTION NO. 26
### (Introduction to the Charges)

The Indictment contains eight counts.  Counts One - Five charge the defendant, Roy McGrath, with a scheme to defraud Maryland Environmental Services of money executed through interstate wire transmissions. Counts Six and Seven charge the defendant with misapplying funds of MES in excess of $5,000 in each of years 2019 and 2020.  Count Eight charges the defendant with making false entries in a document to obstruct the investigation of a matter within the jurisdiction of the Federal Bureau of Investigation.

[Please read the Counts when the substantive instructions are given.]

The defendant has denied that he is guilty of these charges. Each count charges the defendant with a different crime. You must consider each count separately and return a separate verdict of guilty or not guilty for each. Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

Sand, Modern Federal Jury Instructions, 3-2 and 3-6.

## JURY INSTRUCTION NO. 27
### (Variance -- Dates)

While we are on the subject of the Indictment, I should draw your attention to the fact that it does not matter if the Indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date. The law only requires a substantial similarity, between the dates alleged in the Indictment and the date established by testimony or exhibits.

Sand, Modern Federal Jury Instructions, 3-12.

**JURY INSTRUCTION NO. 28**
(Wire Fraud Indictment and Statute)


The Indictment charges that the defendant devised a scheme to defraud (e.g., by means of false representations) and in furtherance of that scheme knowingly caused interstate wires to be used. The Indictment reads:

[Please read Counts 1, 2, 3, 4, and 5 of the Superseding Indictment.]

The relevant statute on this subject is section 1343 of Title 18 of the United States Code. It provides:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio or television communication in interstate or foreign commerce, any writings, signs, signals, pictures or sounds for the purpose of executing such scheme or artifice shall be [guilty of a crime].


Sand, Modern Federal Jury Instructions, 44-1.

**JURY INSTRUCTION NO. 29**
(Elements of the Offense)

In order to sustain this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations or promises, as alleged in the indictment;

Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud or that he knowingly and intentionally aided and abetted others in the scheme; and

Third, that in execution of that scheme, the defendant used or caused the use of interstate wires as specified in the indictment.

Sand, Modern Federal Jury Instructions, 44-3

**JURY INSTRUCTION NO. 30**
(First Element—Existence of a Scheme or Artifice to Defraud)

The first element that the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud Maryland Environmental Services and the State of Maryland of money or property by means of false or fraudulent pretenses, representations, or promises.

This first element is almost self-explanatory.

A "scheme or artifice" is merely a plan for the accomplishment of an object.

A scheme to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations, or promises reasonably calculated to deceive persons of average prudence.

"Fraud" is a general term that embraces all the various means that human ingenuity can devise and that are resorted to by an individual to gain an advantage over another by false representations, suggestions, or suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.

The scheme to defraud is alleged to have been carried out by the Defendant's misrepresentations and omissions of material facts affecting his salary as Chief of Staff to the Governor of Maryland, a severance payment from Maryland Environmental Services, and payment of fees using MES money to the Harvard Kennedy School of Government.

A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.

A representation or statement is fraudulent if it was falsely made with the intention to deceive.

Deceitful statements of half truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute.

The failure to disclose information may also constitute a fraudulent representation if the defendant was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure was required to be made, and the defendant failed to make such disclosure with the intent to defraud.

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished is immaterial.

The false or fraudulent representation must relate to a material fact or matter. A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.

This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts.

The representations that the government charges were made as part of the scheme to defraud are set forth in paragraphs Fourteen through Thirty-eight of Count One of the Indictment, which I have already read to you. It is not required that every misrepresentation charged in the indictment be proved. It is sufficient if the prosecution proves beyond a reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme to defraud.

33

In addition to proving that a statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated depriving another of money or property.

However, the government is not required to prove that the defendant personally originated the scheme to defraud. Furthermore, it is not necessary that the government prove that the defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss. In this case, it so happens that the government does contend that the proof establishes that MES and the State of Maryland were defrauded and that the defendant profited. Although whether or not the scheme actually succeeded is really not the question, you may consider whether it succeeded in determining whether the scheme existed.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

If you find that the government has sustained its burden of proof that a scheme to defraud, as charged, did exist, you next should consider the second element.

Sand, <u>Modern Federal Jury Instructions</u>, 44-4.

## JURY INSTRUCTION NO. 31
### (Second Element—Participation in Scheme with Intent)

The second element that the government must prove beyond a reasonable doubt is that the defendant participated in the scheme to defraud knowingly, willfully and with specific intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law.

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime must be established beyond a reasonable doubt.

35

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of wire fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

Under the wire fraud statute, even false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate the statements may turn out to be.

As a practical matter, then, in order to sustain the charges against the defendant, the government must establish beyond a reasonable doubt that he knew that his conduct as a participant in the scheme was calculated to deceive and, nonetheless, he associated himself with the alleged fraudulent scheme for the purpose of causing some loss to another.

To conclude on this element, if you find that the defendant was not a knowing participant in the scheme or that he lacked the specific intent to defraud, you should find the defendant not guilty. On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element, namely the existence of the scheme to defraud, but also this second element, that the defendant was a knowing participant and acted with specific intent to defraud, and if the government also establishes the third element, as to which I am about to instruct you, then you have a sufficient basis upon which to convict the defendant.

Sand, Modern Federal Jury Instructions, 44-5.

## JURY INSTRUCTION NO. 32
(Third Element—Use of the Wires)

The third and final element that the government must establish beyond a reasonable doubt is the use of an interstate wire communication in furtherance of the scheme to defraud.

The wire communication must pass between two or more states as, for example, a telephone call or email between New York and New Jersey. The use of the wires need not itself be a fraudulent representation. It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for the defendant to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others. This does not mean that the defendant must specifically have authorized others to make the call or email. When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.

With respect to the use of the wires, the government must establish beyond a reasonable doubt the particular use charged in the indictment. However, the government does not have to prove that the wires were used on the exact date charged in the indictment. It is sufficient if the evidence establishes beyond a reasonable doubt that the wires were used on a date substantially similar to the dates charged in the indictment.

Sand, Modern Federal Jury Instructions, 44-7 (modified to add "email" to telephone call and remove foreign wires)

## JURY INSTRUCTION NO. 33
(Section 666 Charges and the Statute)

The Indictment charges the defendant with stealing, embezzling, or misapplying funds from an organization or government that receives federal funds. The Indictment reads as follows:

[Read Indictment]

The Indictment charges the defendant with violating section 666 of Title 18 of the United States Code. That section provides in relevant part:

Whoever … being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that (i) is valued at $5,000 or more, and (ii) is owned by, or is under the care, custody, or control of such organization, government, or agency [shall be guilty of a crime].

Sand, Modern Federal Jury Instructions, 27A-1.

38

## JURY INSTRUCTION NO. 34
(Elements of the Offense)

In order to prove the defendant guilty of stealing, embezzling, misapplying funds from an organization or government that receives federal funds, the government must prove each of the following elements beyond a reasonable doubt:

First, that at the time alleged in the indictment, defendant was an agent of MES or the State of Maryland;

Second, that in a one-year period, MES received federal benefits in excess of $10,000;

Third, that defendant stole, embezzled, knowingly converted, intentionally misapplied property;

Fourth, that the property stolen belonged to or was in the care, custody or control of MES; and

Fifth, that the value of the property stolen was at least $5,000.


Sand, Modern Federal Jury Instructions, 27A-2.

## JURY INSTRUCTION NO. 35

(First Element—Defendant Was Agent of Organization or Government)

The first element the government must prove beyond a reasonable doubt is that at the time alleged in the indictment, defendant was an agent of MES or the State of Maryland.

An "agent" is a person authorized to act on behalf of another person, organization or government. Employees, partners, directors, officers, managers, and representatives are all agents of the organization or government with which they are associated.  A person may be an agent of more than one government agency. An employee of one agency within a larger government department is an agent of that larger department as well.

Sand, Modern Federal Jury Instructions, 27A-3

## JURY INSTRUCTION NO. 36

(Second Element—Organization or Government Received Federal Funds)

The second element the government must prove beyond a reasonable doubt is that in a one-year period, MES received federal benefits in excess of $10,000.

To prove this element, the government must establish that MES received, during a one-year period beginning on January 1, 2019 – December 31, 2019 and during the one-year period January 1, 2020 – December 31, 2020, benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or some other form of federal assistance. This does not include legitimate valid bona fide salary, wages, fees, or other compensation paid or expenses paid or reimbursed in the ordinary course of business.

Sand, Modern Federal Jury Instructions, 27A-4.

## JURY INSTRUCTION NO. 37

(Third Element—Defendant Embezzled or Stole Property)

The third element the government must prove beyond a reasonable doubt is that the defendant stole, embezzled, knowingly converted, *or* intentionally misapplied property.

To steal money or property means to take someone else's money or property without the owner's consent with the intent to deprive the owner of the value of that money or *property.*

To embezzle money or property means to voluntarily and intentionally take or convert to one's own use money or property of another after that money or property lawfully came into the possession of the person taking it by virtue of some office, employment or position of trust.

To convert money or property means to appropriate or use such money or property for the benefit of oneself or any other person who was not the rightful owner with the intent to deprive the rightful owner of the money or property.

To intentionally misapply money or property means to use money or property of MES knowing that such use is unauthorized or unjustifiable or wrongful. Misapplication includes the wrongful use of the money or property for an unauthorized purpose, even if such use benefitted MES.

Sand, <u>Modern Federal Jury Instructions</u>, 27A-5.

**JURY INSTRUCTION NO. 38**
(Fourth Element—Property Belonged to Organization or Government)

The fourth element the government must prove beyond a reasonable doubt is that the property stolen, embezzled, knowingly converted, intentionally misapplied belonged to *or* was in the care, custody or control of MES.

Although the words "care," "custody" and "control" have slightly different meanings, for the purposes of this element they express a similar idea. That is that MES had control over and responsibility for the property even though it was not the actual owner of the property at the time of defendant's actions.

Sand, <u>Modern Federal Jury Instructions</u>, 27A-6

## JURY INSTRUCTION NO. 39

(Fifth Element—Value of Property Embezzled or Stolen)

The fifth and final element the government must prove beyond a reasonable doubt is that the value of the property stolen, embezzled, knowingly converted, or intentionally misapplied was at least $5,000.

You may aggregate or add up the value of property obtained from a series of acts by defendant to meet this $5,000 requirement, so long as you find that each act of stealing was part of a single scheme by the defendant to obtain property belonging to MES.

The government does not have to prove that the property taken *or* misapplied by defendant was received by MES as federal benefits.

Sand, <u>Modern Federal Jury Instructions</u>, 27A-7.

## JURY INSTRUCTION NO. 40

(The Indictment and the Statute)

The defendant is charged in Count Eight of the indictment with tampering with evidence in a federal investigation. The indictment reads:

[Read Indictment]

The relevant statute on this subject is 18 U.S.C. § 1519. It provides:

Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be [guilty of a crime].

Sand, Modern Federal Jury Instructions, 46-78.

45

## JURY INSTRUCTION NO. 41

(Elements of the Offense)

In order to prove the defendant guilty of tampering with evidence in a federal investigation, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant falsified *or* made a false entry in any record or document that can be used to record or preserve information as alleged in the Indictment;

Second, that the defendant acted knowingly; and

Third, that the defendant acted with the intent to impede, obstruct or influence an investigation or proper administration of a matter within the jurisdiction of the Federal Bureau of Investigation, a department and agency of the United States Government, and in relation to and contemplation of any such matter.

Sand, Modern Federal Jury Instructions, 46-79.

**JURY INSTRUCTION NO. 42**

(First Element—Altering or Destroying Evidence)

The first element the government must prove beyond a reasonable doubt is that the defendant falsified *or* made a false entry in any record or document as alleged in the Indictment.

Sand, <u>Modern Federal Jury Instructions</u>, 46-80.

## JURY INSTRUCTION NO. 43

(Second Element—Knowing Conduct)

The second element the government must prove beyond a reasonable doubt is that the defendant acted knowingly.

A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

Sand, Modern Federal Jury Instructions, 46-81.

## JURY INSTRUCTION NO. 44
(Third Element—Intent to Impede Investigation)

The third element the government must prove beyond a reasonable doubt is that the defendant acted with the intent to impede, obstruct or influence an investigation *or* a matter within the jurisdiction of a department or agency of the United States Government or in relation to or in contemplation of such matter.

The government is not required to prove that the defendant knew his conduct would obstruct a federal investigation, or that a federal investigation would take place, or that he knew of the limits of federal jurisdiction. However, the government is required to prove that the investigation that the defendant intended to impede, obstruct, or influence did, in fact, concern a matter within the jurisdiction of an agency of the United States.

Sand, Modern Federal Jury Instructions, 46-82.

49

## JURY INSTRUCTION NO. 45
(Punishment)

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon me.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or in any sense, to enter into your deliberations.


Sand, Modern Federal Jury Instructions, 9-1.

## JURY INSTRUCTION NO. 46
(Duty to Consult and Need for Unanimity)

The government, to prevail, must prove the essential elements by the required degree of proof, as already explained in these instructions.  If it succeeds, your verdict should be guilty; if it fails, it should be not guilty.  To report a verdict, it must be unanimous.

Your function is to weigh the evidence in the case and determine whether or not the defendant is guilty, solely upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors.  That is the very purpose of jury deliberation -- to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence -- if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case.

But you should not hesitate to change an opinion which, after discussion with your fellow jurors, appears erroneous.

However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided.  Your verdict, whether guilty or not guilty, must be unanimous.


Sand, Modern Federal Jury Instructions, 9-7.

51

## JURY INSTRUCTION NO. 47
### (Foreperson—Verdict Form)

As I mentioned, a Verdict Form has been prepared for your convenience.  You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, then date and sign the forms.  Juror #1 will serve as the foreperson and should sign the Verdict Form.

After you have completed the Verdict Form, please advise the court, by sending a note through the Court Security Officer, that you have reached a verdict.  When I receive that note, I shall have you return with your verdict to the courtroom.

Sand, Modern Federal Jury Instructions, 9-5, 9-9 (modified).

## JURY INSTRUCTION NO. 48
(Communication with the Court)

If it becomes necessary during deliberations to communicate with me you may send a note by a Court Security Officer, signed by your foreperson, or by one or more members of the jury.   No member of the jury should communicate with me by any means other than a signed writing, and I will not communicate with any member of the jury on any subject touching on the merits of the case, otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the Court Security Officer that he, too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind that you may not reveal to any person -- not even to me -- how the jury stands, numerically or otherwise, on the question of the guilt or innocence of the accused, until after you have reached a unanimous verdict.

Sand, Modern Federal Jury Instructions, 9-3 (modified to use "Court Security Officer" in place of "Marshal").