IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. DLB-21-0399 |
| ROY C. McGRATH | * | |

\* * * * * * * * * * * * *

**RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION TO ADMIT HERESAY STATEMENTS AS TRUSTWORTH UNDER THE RESIDUAL EXCEPTION OF <u>RULE 807, FED.R.EVID.</u>**

On September 27, the Government moved in limine "to admit hearsay statements as untrustworthy under the residual exception of Rule 807, Fed. R. Evid." ECF 42. The statements the government seeks to introduced are text messages the Defendant's now wife sent to her father during two vacations which occurred in 2019. The government argues that there are both sufficient guarantees of trustworthiness from the context in which they are written, and that the truthfulness is corroborated by other evidence. The text messages should not be admitted in this case as the government has neither shown sufficient guarantees of untrustworthiness, nor have they shown any reason why these text messages are more probative as to the details of L.B. and the Defendant's vacation than other evidence.

**Standard**

Rule 807 allows hearsay to be admitted only when "the statement is supported by sufficient guarantees of trustworthiness – after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement" and "it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Rule 807(a). Rule 807 is a "narrow exception" to the rule against hearsay that "should be utilized only after much consideration and examination." *United States v.*

*Dunford*, 148 F.3d 385, 392, 384 (4th Cir. 1998). Whether the statements have circumstantial guarantees of trustworthiness has been described as the "most important" factor which courts should consider. *Dunford*, 148 F.3d at 393. In making such a determination, courts should look to the "total context in which the statements were made." *Idaho v. Wright*, 497 U.S. 805, 820 (1990).

**Argument**

In arguing that there are sufficient guarantees of trustworthiness surrounding the making of the statements, the government asserts only that L.B. was "making [an] individual record[s] of [her] vacation, that she had "no motive to lie," and that her statements are "remarkably candid," as evidence of guarantees the trustworthiness of L.B.'s texts. L.B. was on a vacation with her boyfriend at the time. ECF 42 at 4. Other than the content of these text messages, there is no information provided as to the relationship between L.B. and her father; no information provided as to what L.B.'s family thought of her relationship with the Defendant; and no information provided as to what kind of relationship existed between the Defendant and L.B.'s father. While the government asserts that L.B. had "no motive to lie," there are plenty of motives to lie to one's family to make a vacation with a potential future spouse sound more pleasant than it may have actually been. It is natural to want family members to believe the best of your partner, regardless of the truth of a situation.

Further, the Government has made no showing that the text messages from L.B. are "more probative on the point for which [they are] offered than any other evidence…". Rule 807(a)(2)." The government seeks introduction of these texts because "the texts provide some narration and identification of the activities and places recorded in the photographs." ECF 42 at 3. The government also provided an extensive list of other evidence they have collected in

regards to the Defendant's vacations: "an analysis of Defendant's work email account, Surface device which he took on both trips, Defendant's cell phone records, credit card records, text messages, and photographs from his trip" and "L.B.'s cellular phone" which included "photographs of the couple's activities in its analysis." ECF 42 at 2.  In arguing corroboration of the texts, the government points to photographs on both the Defendant's and L.B.'s phone, and a review left by the Defendant on Trip Advisor. ECF 42 at 2. Specifically, the government argues that "the photographs have metadata which conclusively establish when the photographs were taken." *Id.* L.B.'s texts sent to her father late at night detailing her vacation with her boyfriend simply are not more probative than photographs with time-stamped metadata, cell phone records, and credit card records detailing the same vacation.

WHEREFORE, because the government has neither shown the trustworthiness of L.B. texts nor that they are more probative than the plethora of other evidence of Defendant's vacation, this Court should deny the government's motion in limine.

                                                ____-s-_____
Joseph Murtha
Rice Murtha & Psoras, LLC
1301 York Rd Ste 200
Lutherville MD 21093
(410-583-6969
jmurtha@ricelawmd.com

CERTIFICATE OF SERIVE

I HEREBY CERTIFY that on this 4th day of October, 2022, a copy of the aforegoing Response in Opposition to Government's Motions to Admit Heresay Statements as Trustworthy Under the Residual Exception of Rule 807 Fed. R. Evid. was filed with CM/ECF and served upon counsel for the government.

                                              ___-s-_____
                                              Joseph Murtha