

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Joyce K. McDonald*  *Suite 400*  DIRECT: 410.209.4899
*Assistant United States Attorney*  *36 S. Charles Street*  MAIN: 410-209-4800
*Aaron.Zelinsky@usdoj.gov*  *Baltimore, MD 21201-3119*

<u>*Via ECF*</u>

October 19, 2022

Hon. Deborah L. Boardman
United States District Judge
101 W. Lombard Street
Baltimore, MD 21201

    Re:    Response to Motion for Continuance in *United States v. Roy McGrath,* DLB-21-399

Dear Judge Boardman:

    The government writes to oppose the Defendant's request for a continuance in this case. *See* ECF 59. Defendant's letter motion characterizes the Government's discovery produced in E07, E08, and E09 on October 7 and 14, 2022, as "untimely" and "Rule 16" discovery. These characterizations sweep too broadly.

    Recent discovery productions to the defendant consist in large part of Jencks materials, which the government is required to produce pursuant to 18 U.S.C. §3500, not Rule 16, Fed.R.Crim.P. The government produced transcripts of recorded interviews with witnesses even though the recordings had previously been produced to defense counsel in the State prosecution. In addition, the government re-produced some evidence selected from the E03 discovery production when it became apparent that the government intended to use the evidence at trial. However, as defense counsel states, he and his client had reviewed E01-E06 in July 2022, ECF 59 at 1, so evidence drawn from E03 is not "new material" but a repetition of old material. Production of the transcripts and evidence drawn from E03 was intended to be helpful, not burdensome, but in any event, the evidence has been in the possession of the defense in some format prior to July 2022. Reviewing this material does not require a substantial amount of time. A brief review of the three discovery productions (E07-E09) which defense counsel discussed is provided below:

**E07**    On October 7, 2022, the Government provided E07 to defense counsel. This production consisted primarily of Jencks material for a variety of witnesses. The only new material which was neither publicly available nor Jencks consisted of:

1. Texts between Roy McGrath and his assistant (46 pages)
2. Materials related to severance for previous head of MES (4 pages)
3. Chain of custody forms for digital devices (43 pages)
4. Photos of trucks used by MES (10 pages
5. Materials related to MES 2018 Audit (152 pages)
6. Materials related to McGrath beginning MES employment (6 pages)
7. McGrath Facebook message (1 page)

**E08**    On October 7, 2022, the Government provided E08, which consists only of Jencks material.

**E09**   On October 14, 2022, the Government provided E09 to the defense. This production consisted primarily of Jencks material for a variety of witnesses. The only new material which was neither publicly available nor Jencks nor previously disclosed consisted of:

1. MES internal documents (16 pages)
2. Academy Arts-related MES documents (41 pages)
3. MES Documents regarding payout packages (10 pages)
4. MES Deputy Director Text Messages (1876 pages)
5. GEJ Email Production (6,636 pages)

While the Deputy Director's text messages with MES employees during the time period October 2019 – November 2021 are included, the government only recently obtained the messages and has not been delinquent in producing them. Out of an abundance of caution, the Government provided all text messages with any MES employees, after the former MES Deputy Director consented on September 26, 2022, to have her phone searched. Like all text messages, they are short, easy to read and are sorted by the MES employee.

Finally, the GEJ email production appears to be 6,636 pages. This number is deceptive. The law firm Gallagher Evelius and Jones was counsel to the Legislature's Joint Committee, and the evidence that the Joint Committee assembled was disclosed in E03. The 6,636 pages are emails from the law firm. The production is organized as it would be for civil discovery in which every email in an email chain is produced multiple times and from multiple email boxes if it was cc'ed to more than one attorney. Also, the emails contain attachments which were produced as part of E03 and, as stated in ECF 59, have previously been reviewed by defense counsel and the defendant. The government undertook its own survey of the 6,636 pages yesterday and excluded attachments, scheduling emails, and duplicate emails and determined that there were 323 pages of new, substantive emails. As a check on this review, the government performed a search on the name of a witness from the MES accounting department; there were 111 total hits of which 94 were on duplicate documents. Based on its analysis, the government believes that approximately 5% of the 6,636 page production consists of new material.

Accordingly, the recent discovery productions demonstrate that the government is fulfilling its obligations under the Jencks Act and *Brady v. Maryland*, is not overburdening defense counsel, and that a continuance is not warranted. If the Court is inclined to grant a continuance, the Government requests that the continuance not be greater than one week.

                                                Very Truly Yours,

                                                Philip A. Selden
                                                First Assistant United States Attorney

By:   _____/s/_____
       Joyce K. McDonald
       Aaron S.J. Zelinsky
       Assistant United States Attorneys
       Sarah R. David
       Special Assistant United States Attorney